JOHN S. RIGGS, Respondent, v. THE COMMERCIAL MUTUAL INSURANCE COMPANY, Appellant.

In an action upon an insurance policy, after a reversal by the General Term of a judgment in favor of plaintiff, the parties entered into a stipulation to the effect that upon waiver of plaintiff's right to appeal to the Court of Appeals from the order of reversal, a defense common to the action and to another then pending in said court, should abide the decision in the latter action. After such decision, the General Term granted a reargument, reversed its former decision and affirmed the judgment in the former action. *Held,* that the stipulation was valid and governed an appeal to this court from the judgment of affirmance.

Unless required by the terms of a policy of insurance, it is not essential that it should disclose the interest of the assured in the property insured; the policy, if otherwise valid, attaches to whatever insurable interest the assured has.

Whenever there is a real interest to protect, and the assured is so situated with respect to the subject of the insurance that its destruction would or might reasonably be expected to impair the value of that interest, an insurance thereon is valid, whether the interest is an ownership in or a right to the possession of the property, or simply an advantage of a pecuniary character, having a legal basis, but dependent upon the continued existence of the subject.

It is not necessary to constitute an insurable interest that the interest is such that the event insured against would necessarily subject the

insured to loss. It is sufficient that it might do so, and that pecuniary injury would be the natural consequence.

A stockholder in a corporation has such an interest in the corporate property, and so, he may protect the same by an insurance of specific, tangible property of the corporation.

Reported below, 25 J. & S. 78.

(Argued October 27, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 6, 1889, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This was an action upon a policy of insurance issued by the defendant to J. L. Tobias, loss, if any, payable to Andrew Simonds, plaintiff's assignor, upon the body, tackle, apparel and other furnitures of the steamer "Falcon." It appeared that Tobias had no interest in the property except that he owned thirty-six shares of the stock of the corporation, to which the "Falcon" belonged.

*David Willcox* for appellant. There was no actual total loss of the property insured. (*Burt* v. *B. & M. Ins. Co.,* 9 Hun, 383; 78 N. Y. 400; *Carr* v. *Ins. Co.,* 109 id. 504; *M. S. S. Co.'s Case,* 107 id. 624; *Barker* v. *Janson,* L. R. [3 C. P.] 303; *Murray* v. *Hatch,* 6 Mass. 406; *G. Ins. Co.* v. *Sherlock,* 25 Ohio St. 50; *Ins. Co.* v. *Gossler,* 96 U. S. 645; *Schwinger* v. *Raymond,* 83 N. Y. 192; *Bonnell* v. *Griswold,* 89 id. 192; *Conselyea* v. *Blanchard,* 103 id. 222, 231; *P. Co.* v. *P. Co.,* 89 id. 559, 564; *Guerlain* v. *C. Ins. Co.,* 7 Johns. 527; *Chadsey* v. *Guion,* 97 N. Y. 333; *Newlin* v. *Ins. Co.,* 20 Penn. St. 312; *Hernandez* v. *Ins. Co.,* 6 Blatchf. 317; *Sewall* v. *U. S. Ins. Co.,* 11 Pick. 90, 94.) The person who procured the policy is not shown to have had any insurable interest in the subject of the insurance. (*Plimpton* v. *Bigelow,* 93 N. Y. 592; *City of Utica* v. *Churchill,* 33 id. 161, 237; *Van Allen* v. *Bd. Assessors,* 3 Wall. 73; *Gibbons* v. *Mahon,* 136 U. S. 549; *Button* v. *Hoffman,* 61 Wis. 20; *Queen* v. *Arnaud,* 9 Ad. & El. [N. S.] 806; *Wilson* v. *Jones,*

L. R. [2 Exch.] 139, 145; *N. F. O. Co.* v. *Ins. Co.*, 106 N. Y. 541; *Burrall* v. *B. Co.*, 75 id. 211, 216; *Fowler* v. *Ins. Co.*, 26 id. 442; *P. G. Co.* v. *Ins. Co.*, 20 J. & S. 297; *Phillips* v. *K. Co.*, 20 Ohio St. 174; Wood on Ins. 684; *Warren* v. *D. Ins. Co.*, 31 Ia. 464.)

*George Zabriskie* for respondent.   Anyone has an insurable interest in a ship on whom an injury to it will inflict pecuniary loss.   (*White* v. *H. R. Ins. Co.*, 7 How. Pr. 341; *Cone* v. *N. F. Ins. Co.*, 60 N. Y. 619; *Herkimer* v. *Rice*, 27 id. 162; *Harvey* v. *Cherry*, 76 id. 436; *Rohrbach* v. *G. F. Ins. Co.*, 62 id. 47; *Hooper* v. *Robinson*, 98 U. S. 528; *N. F. Co.* v. *C. Ins. Co.*, 106 N. Y. 535; *De Forest* v. *F. F. Ins. Co.*, 1 Hall, 84; *Lucena* v. *Crawford*, 3 B. & P. 75; *S. Co.* v. *Allen*, 43 N. Y. 389, 395, 396; *M. S. Ins. Co.* v. *Hone*, 2 id. 235; *N. Y. B. Ins. Co.* v. *N. Y. F. Ins. Co.*, 17 Wend. 359; *Waring* v. *Loder*, 53 N. Y. 581; *A. Ins. Co.* v. *Clancey*, 9 Bradw. 137; *Waring* v. *S. F. Ins. Co.*, 45 N. Y. 606; *Ins. Co.* v. *Thompson*, 95 U. S. 547; *Robbins* v. *F. F. Ins. Co.*, 1 Blatchf. 122; *Stilwell* v. *Staples*, 19 N. Y. 401.)   The interest of a shareholder in the corporate property is such that he will be liable to pecuniary loss through its destruction.   (*Warren* v. *D. F. Ins. Co.*, 31 Ia. 464; *Seaman* v. *E. Ins. Co.*, 18 Fed. Rep. 250; May on Ins. § 95; Greenh. on Pub. Pol. 255; *Regina* v. *Arnaud*, 9 Ad. & El. [N. S.] 806–817; *Anderton* v. *Wolf*, 41 Hun, 571, 574; 1 Morawetz on Corp. [2d ed.] § 237; *White* v. *H. R. Ins. Co.*, 7 How. Pr. 341; *Hume* v. *Ins. Co.*, 23 S. C. 190.)   The statute is the foundation of the rule that the assured must have an interest.   (*Clendining* v. *Church*, 3 Caines, 141; 1 R. S. 662, § 8.)   The only question submitted to and determined by the General Term was whether J. L. Tobias, the stockholder, had an insurable interest in the ship. The defendant rested its defense on that point, in considera- tion of plaintiff's waiver of his right of appeal to this court; and this stipulation was valid and will be enforced by this court.   (*Townsend* v. *Masterton*, 15 N. Y. 587.)   Should the court, however, be of opinion that the judgment is open to

review on any other question, then it is submitted that there is no error in the judgment. (*Moore* v. *City of Albany*, 98 N. Y. 396, 410 ; *Chase* v. *Chase*, 95 id. 373 ; *Towle* v. *Remsen*, 70 id. 303, 308 ; *Towle* v. *Forney*, 14 id. 423 ; *Mayor*, *etc.*, v. *Kerr*, 38 Barb. 369 ; *Hawkins* v. *Glenn*, 131 U. S. 319 ; *Sanger* v. *Upton*, 91 id. 56 ; *Thompson* v. *Albert*, 15 Md. 285 ; *Yale* v. *Dederer*, 68 N. Y. 329, 335 ; *Leinkauf* v. *Calman*, 110 id. 50 ; *Green* v. *R. F. Ins. Co.*, 84 id. 572 ; *Hitchcock* v. *N. Ins. Co.*, 26 id. 68 ; *Carter* v. *U. Ins. Co.*, 1 Johns. Ch. 462 ; *Cromwell* v. *B. F. Ins. Co.*, 44 N. Y. 42 ; *Cooper* v. *Robinson*, 98 U. S. 528, 537 ; *Henshaw* v. *M. S. Ins. Co.*, 2 Blatchf. 99.)

Andrews, J. The defendant is, we think, precluded by the stipulation of January 10, 1889, from raising any question on this appeal except as to whether Tobias, the assignor of the plaintiff, by reason of his being a stockholder in the Merchants' Steamship Company, had an insurable interest in the Falcon when the policy was issued, and perhaps the further question whether that interest, if it existed, was covered by the policy. The situation when the stipulation was made was this : The judgment which the plaintiff recovered at the Trial Term had been reversed at the General Term, and a new trial had been ordered, and the plaintiff was about to appeal from the order of reversal to this court. The Merchants' Steamship Company had recovered judgment against the defendant in the same court on its policy on the same vessel similar to the policy issued to the plaintiff, and this judgment had been affirmed by the General Term, and the defendant had brought an appeal to this court which was then pending. There was one question common to both cases, viz. : whether there had been an absolute total loss of the vessel insured, without which, it was conceded, there could be no recovery. In the case of the Merchants' Steamship Company this was the sole question. In this case there was the additional point whether the plaintiff had an insurable interest. The parties to the stipulation assumed that the question of total loss would be conclusively

determined as to both cases by the result of the appeal in the case of the Merchants' Steamship Company, but if the judgment in that case was affirmed it would still leave open in this case the question of insurable interest. Under these circumstances the parties entered into the stipulation, by which the plaintiff waived his right to appeal to this court from the order of reversal upon the defendant's consenting that if the judgment in the Steamship Company's case should be affirmed there should then be a reargument in this case before the General Term of the question of the plaintiff's insurable interest, which consent was given, and the stipulation further provided " that the decision of the General Term on such reargument should be final so far as the plaintiff was concerned, but without prejudice to any right in defendant to appeal therefrom." This court affirmed the judgment in the Steamship Company's case, and the reargument on the question of the plaintiff's insurable interest was then had before the General Term, whereupon the General Term reversed its former decision upon the point, and affirmed the judgment of the Trial Term. The present appeal is from the judgment of affirmance. It was the plain purpose of the stipulation that the defense common to both actions should abide the decision in the Steamship Company's case, leaving open in this action the distinct and separate question of insurable interest only. The stipulation was valid and governs this appeal. (*Townsend* v. *Masterson*, 15 N. Y. 587.)

The question whether a stockholder in a corporation as such has an insurable interest in the corporate property, which he may protect by an insurance of specific tangible property of the corporation, is the question now presented. The policy does not disclose the nature of the interest of Tobias in the vessel insured. But this was not necessary unless required by some condition in the policy. (*Lawrence* v. *Van Horne*, 1 Caines, 276; *Tyler* v. *Ætna Fire Ins. Company*, 12 Wend. 507.) The policy, if otherwise valid, attached to whatever insurable interest he had, whether as owner or otherwise. What constitutes an insurable interest has been the subject of much

discussion in the cases, and is often a question of great. diffi-
culty. It is quite apparent that the tendency of decisions in
recent times is in the direction of a more liberal doctrine upon
this subject than formerly prevailed. (May on Ins. § 76.)
Contracts of insurance, where the insured had no interest,
were permitted at common law (*Craufurd* v. *Hunter*, 8 T.
R. 13), but the manifest evils attending such contracts, and
the temptation which they afforded to fraud and crime, led
to the enactment in England of the stat. 19 Geo. 2, C. 37,
prohibiting wager policies, and this was followed by the
enactment in this state of a similar statute (1 Rev. Stat. 662)
prohibiting wagers, but to prevent the application of the
statute to cases of insurance by way of security and indemnity
it was provided that it should "not be extended so as to pro-
hibit nor in any way affect any insurances made in good faith
for the security or indemnity of the party assured, and which
are not otherwise prohibited by law." (§ 10.) It would
seem, therefore, that whenever there is a real interest to
protect and a person is so situated with respect to the subject
of insurance that its destruction would or might reasonably
be expected to impair the value of that interest, an insurance
on such interest would not be a wager within the statute,
whether the interest was an ownership in, or a right to the
possession of the property, or simply an advantage of a pecu-
niary character having a legal basis, but dependent upon the
continued existence of the subject. It is well settled that a
mere hope or expectation, which may be frustrated by the
happening of some event, is not an insurable interest.

The stockholder in a corporation has no legal title to the
corporate assets or property, nor any equitable title which he
can convert into a legal title. The corporation itself is the
legal owner and can deal with corporate property as owner
subject only to the restrictions of the charter (*Plimpton* v.
*Bigelow*, 93 N. Y. 593; *Van Allen* v. *Assessors*, 3 Wall. 573.)
But stockholders in a corporation have equitable rights of a
pecuniary nature growing out of their situation as stockholders,
which may be prejudiced by the destruction of the corporate

property. The object of business corporations is to make profits through the exercise of the corporate franchises, and gains so made are distributable among the stockholders according to their respective interests, although the time of the division is ordinarily in the discretion of the managing body. It is this right to share in the profits which constitutes the inducement to become stockholders. So also on the winding up of the corporation, the assets, after payment of debts, are divisible among the stockholders. It is very plain that both these rights of stockholders, viz.: the right to dividends and the right to share in the final distribution of the corporate property may be prejudiced by its destruction. In this case the ships were the means by which profits were to be earned, and their loss would naturally, in the ordinary course of things, diminish the capacity of the corporation to pay dividends, and consequently impair the value of the stock. The same would be true in other cases which might be mentioned, as, for example, where buildings producing rent, owned by a corporation, should be burned. It is not necessary to constitute an insurable interest that the interest is such that the event insured against would necessarily subject the insured to loss. It is sufficient that it might do so and that pecuniary injury would be the natural consequence. (*Cone* v. *Niagara Fire Ins. Co.*, 60 N. Y. 619.)

The question now before us was considered by the Supreme Court of Iowa in the case of *Warren* v. *Davenport F. Ins. Co.* (31 Iowa, 464). The court, in a careful opinion, reached the conclusion that a stockholder in a corporation had an insurable interest in the corporate property. In *Philips* v. *Knox Co. M. Ins. Co.* (20 Ohio, 174), there is an adverse dictum, but the decision went on another ground. In *Wilson* v. *Jones* (L. R. [2 Exch.] 139), the action was upon a policy in favor of the plaintiff, a shareholder in the Atlantic Telegraph Company, a company organized to lay the Atlantic cable. The court construed the contract as an insurance of the plaintiff in respect to the adventure undertaken by the company to lay the cable, and it was held that his interest as share-

holder was an insurable interest, and likened it to an insurance on profits. (See also *Paterson* v. *Harris*, 1 Bes. & S. 336.) It is difficult to perceive any good reason why, if a stockholder could be insured on his share in a corporation against a loss happening in the prosecution of a corporate enterprise, he could not insure specifically the corporate property itself embraced in the adventure and prove his interest by showing that he was a shareholder.

The question here is, did the plaintiff have an insurable interest covered by the policy? The amount of damages is not in question. Except that the parties have taken that question out of the controversy, the extent of the loss would be a question of fact to be ascertained by proof and the recovery, up to the amount insured, would be measured by the actual loss. We are of opinion that the view that a stockholder in a corporation may insure specific corporate property by reason of his situation as stockholder, stands upon the better reason and also that it is in consonance with the current of authority defining insurable interests in our courts. The cases of *Herkimer* v. *Rice* (27 N. Y. 163); *Rohrbach* v. *Germania Fire Ins. Co.* (62 id. 47), and *National Filtering Oil Co.* v. *Citizens' Ins. Co.* (106 id. 535), sustained policies upon interests quite as remote as the interest now in question. It would be useless reiteration to restate the particular facts and grounds of the decisions in these cases. It is sufficient to refer to them and to say in conclusion that it seems to us, both upon authority and reason, that the insurance now in question is not a wager policy, but is a fair and reasonable contract of indemnity founded upon a real interest, though not amounting to an estate legal or equitable in the property insured.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.