## APPEAL OF HAROLD MORTENSON.

Docket No. 506.    Submitted June 8, 1925.    Decided January 14, 1926.

Expense of premiums on an insurance policy taken out by a stockholder on a vessel, practically the sole asset of the corporation, in order to protect his investment, is an ordinary and necessary expense.

*Herbert E. Hall, Esq.*, and *A. Porter Robinson, C. P. A.*, for the taxpayer.

*W. Frank Gibbs, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This appeal involves the determination of a deficiency in income tax for 1920 in the amount of $144. The deficiency arises from the action of the Commissioner in disallowing a deduction for that year of an amount paid out by the taxpayer for marine insurance on a steamship which was owned by the Redwood Steamship Co., a corporation of which the taxpayer was a stockholder.

FINDINGS OF FACT.

The facts were stipulated as follows:

The taxpayer in 1920 owned 224 shares, or 28 per cent, of the outstanding capital stock of the Redwood Steamship Co., a corporation organized and existing under the laws of California.

In 1920 the Redwood Steamship Co. owned the steamship *Katherine* and had no other capital assets. The cost of the steamship, as evidenced by the books of the corporation, was $86,715.02. The corporation in 1920 carried no marine insurance on the said vessel. During that year the taxpayer received from the said steamship company dividends in the amount of $6,944, which were properly included in his income-tax return for that year.

During 1920 the taxpayer personally carried $15,000 marine insurance on the said steamship to protect whatever interest he had therein, as evidenced by his 28 per cent ownership of the capital stock of the Redwood Steamship Co., and during that year paid premiums on the said insurance amounting to $900. The taxpayer deducted this amount in determining his net income for 1920. It was disallowed by the Commissioner.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

### OPINION.

TRAMMELL: The question involved in this appeal is whether a tax-payer may deduct as an ordinary and necessary expense a premium on a policy of insurance taken out by him on a vessel owned by a corporation of which he is a stockholder. While it is well settled that a stockholder in a corporation is not the owner of the property of the corporation, he does have an interest in the protection of the corporation's property and would sustain a loss if the property were destroyed. To the extent that he would sustain a loss by the destruction of the corporation's property, he has an insurable interest in the property. *Aetna Insurance Co.* v. *Kennedy*, 161 Ala. 600; 50 So. 73. In the case of *Riggs* v. *Commercial Mutual Insurance Co.*, 125 N. Y. 7; 25 N. E. 1058, the question was directly presented to the Court of Appeals of New York as to whether a stockholder in a steamship company had an insurable interest in its steamers. The court, after careful consideration of the authorities, held that he had such an interest.

The corporation in this case, having failed to insure its steamer, left the interest of the taxpayer unprotected, and the expense incurred by him in protecting his interest and investment was an ordinary and necessary expense.

On reference to the Board, GREEN, LANSDON, LOVE, LITTLETON, MORRIS, and SMITH dissent.