**NIESCHLAG & CO., Inc., v. ATLANTIC MUT. INS. CO.**

District Court, S. D. New York.
June 26, 1941.

Edwards & Smith, by John F. Dailey, Jr., and Charles A. Ellis, all of New York City, for plaintiff.

Maclay, Lyeth & Williams, by J. M. Richardson Lyeth, all of New York City, for defendant.

BONDY, District Judge.

As security for the repayment of money advanced to Garcia Sugars Corporation by plaintiff, Garcia Sugars Corporation endorsed and transferred to plaintiff negotiable warehouse receipts issued by Harbor Stores Corporation. These certified that Harbor Stores Corporation had received specified bags of cocoa beans for the account of Garcia Sugars Corporation to be delivered to order. Garcia Sugars Corporation also endorsed and delivered to plaintiff certificates issued by defendant, insuring beans so described against named risks such as fire, theft, water damage as well as "nondelivery", loss if any payable to Garcia Sugars Corporation or order. Garcia Sugars Corporation and Harbor Stores Corporation were adjudicated bankrupts. The advances have never been paid back to plaintiff. Nor have any of the bags of beans described in the warehouse receipts and insurance certificates ever been delivered to plaintiff. In reclamation proceedings it has been held that plaintiff was neither the owner nor entitled to the possession of any bags of beans in the warehouse other than certain bags not involved in this controversy, see In re Harbor Stores Corporation, D. C., 29 F.Supp. 749; Id., D. C., 33 F.Supp. 360, and the plaintiff now seeks to recover from defendant "the amount of the insurance represented by the certificates of insurance" and the costs of "suing and laboring for the recovery of said cocoa beans" described therein.

Both plaintiff and defendant move for summary judgment on the pleadings and affidavits.

Plaintiff contends that the circumstances surrounding the execution and delivery of

the insurance certificates, which were endorsements to an open marine policy issued by the defendant November 30, 1937, clearly establish that by including the risk of "non-delivery" it was intended by the parties that plaintiff should recover from defendant any loss it would suffer in the event that bags of beans answering the description in the certificates were not delivered to it, whether or not the bags of beans ever existed, or ever were in Harbor Stores Corporation's warehouse, or whether or not plaintiff ever had any legal or equitable interest in them. In other words, plaintiff urges that defendant guaranteed the performance by Harbor Stores Corporation of its obligation to deliver to Garcia Sugars Corporation or order bags of beans described in the warehouse receipts. If so, plaintiff need not prove any insurable interest in the specified bags in order to recover. See Aetna Casualty & Surety Co. v. National Bank of Tacoma, 9 Cir., 59 F.2d 493; Maryland Casualty Co. v. Washington Loan & B. Co., 1929, 167 Ga. 354, 145 S.E. 761, 766, 61 A.L.R. 323; Ryan v. United States, 19 Wall. 514, 22 L.Ed. 172.

Defendant contends that the subject matter which it insured consisted of bags of cocoa beans described in the certificates, and that plaintiff did not have any insurable interest in any beans described in the certificates.

Since it already has been adjudicated that plaintiff did not own the beans and was not entitled to possession of them, it must be held plaintiff did not have any insurable interest therein. It therefore would have been unable to recover from defendant if any of the events insured against, other than "non-delivery", had occurred. New York Insurance Law, Consol. Laws, c. 28, Sec. 148; National Filtering Oil Co. v. Citizens' Ins. Co., 106 N.Y. 535, 13 N. E. 337, 60 Am.Rep. 473; Miller v. Stuyvesant Insurance Co., 223 App.Div. 6, 227 N.Y. S. 326; Royal Ins. Co. v. Smith, 9 Cir., 77 F.2d 157. If plaintiff is permitted to recover, the parties must be held to have intended by incorporating the words "and/or non-delivery" in the certificates that defendant place itself under a duty substantially different from the duties imposed on it by the open marine policy and the provisions of the certificates other than that of non-delivery.

The affidavits disclose that Garcia Sugars Corporation gave its insurance broker the form of coverage demanded by plaintiff. This form, containing the words "theft and/or non-delivery", was taken from a policy issued to plaintiff by another insurance company insuring bags of cocoa beans which plaintiff owned. It accordingly does not follow that, when representatives of plaintiff, who believed plaintiff had title to the bags of beans in question as security, submitted the form to Garcia Sugars Corporation, plaintiff intended to secure protection against non-delivery of goods in which it did not have any insurable interest. This conclusion is not affected by the statement in the affidavit of the plaintiff's treasurer that what plaintiff desired was insurance of all warehouse risks including "non-performance by the warehouseman of the delivery obligation."

The open marine insurance policy, which was issued by defendant to Garcia Sugars Corporation, contained the following provisions: "Unless otherwise specially provided for herein, this policy excludes the risks of theft pilferage and/or non-delivery", and "In case of loss, such loss to be paid in thirty days after proof of loss and proof of interest in said * * *", and "to cover goods the property of the assured * * *". By this policy it was clearly contemplated that defendant should be liable only if the assured had an insurable interest in the goods insured. When the words "non-delivery" were again used in the certificates it is reasonable to believe that the defendant intended to give them the meaning they were given in the open marine policy, that is, "non-delivery" of goods in which the assured had an insurable interest.

The insurance broker of Garcia Sugars Corporation, who dealt with defendant, informed defendant that plaintiff was financing the cocoa beans and that the clause containing the words "non-delivery" was taken from a policy issued by another insurance company on goods which plaintiff owned. In view of this fact and the use of the words in the marine policy, it was reasonable for defendant to believe that what was wanted was security against the non-delivery of goods in which the assured had an insurable interest. Plaintiff was not justified in assuming that "non-delivery" had any other meaning when used in the certificates, since the clause containing the words was taken from its own insurance policy.

The other facts alleged in the pleadings and affidavits do not render the contracts

fairly susceptible of any other interpretation. Defendant did not know of the issuance of the warehouse receipts or their negotiation to plaintiff as collateral for the loan. It did know that Garcia Sugars Corporation controlled Insular Terminal Corporation, the predecessor of Harbor Stores Corporation, and that Garcia Sugars Corporation in carrying on its business had pledged warehouse receipts for loans to it. Even had defendant known that warehouse receipts covering bags described in the certificates had been issued by Harbor Stores Corporation and had been given to plaintiff as collateral security, defendant would not thereby have been put on notice that plaintiff was seeking protection against the fraudulent issuance of warehouse receipts by Harbor Stores Corporation to Garcia Sugars Corporation. The receipts were never mentioned nor shown to defendant nor referred to in the certificates. It was reasonable for defendant to believe that plaintiff requested only broad insurance against risks, including "non-delivery", on goods to which it held title as security.

Defendant denies it possessed knowledge of the contracts made by plaintiff for future delivery of the specified bags to third parties. It did know that this was the usual practice in cases of loans to Garcia Sugars Corporation. Even assuming defendant was put on notice or knew that contracts were made by plaintiff for future delivery of the bags, defendant could not have inferred therefrom that plaintiff sought insurance against the failure of the warehouse corporation to deliver the beans regardless of whether plaintiff was the owner of or entitled to possession of them. If defendant had knowledge of the contracts for future delivery, it would not be unreasonable for defendant to believe that plaintiff had made contracts for the future delivery of goods to which plaintiff had title as security and that plaintiff sought "non-delivery" insurance only on such goods.

There is not any evidence that anyone representing the plaintiff informed defendant that plaintiff desired to procure insurance against all risks. Plaintiff told that to Mr. Garcia and submitted the coverage clause to him, but defendant was informed only that the risks enumerated in that clause were to be covered. Besides, even if defendant knew that all risks were to be covered, that knowledge in these circumstances would not warrant an inference by defendant that all risks meant any more than all the risks against which plaintiff would insure goods it owned or title to which it held as security.

Defendant's inspections at the warehouse were limited to conditions of storage and to quality and condition of the beans. Defendant did not inspect the books of the corporations nor did it investigate the title to the goods. Consequently it can not be contended that defendant's investigations indicate that it understood it was guaranteeing the performance by the warehouseman of its duty.

 Although the question is close as to whether or not the meaning of "non-delivery" in the light of the surrounding circumstances should be left to the jury for interpretation, the court believes the insurance contracts are not reasonably susceptible of two interpretations. In addition the plaintiff itself insisted upon the form used. For these reasons, the principle that the form should be construed most strongly against the insurer should be held inapplicable.

Accordingly, defendant's motion is granted and plaintiff's denied.