Martin B. Steoher, J.
This is an action on an insurance policy brought by an assured against the issuer following the theft from the plaintiff of the Cadillac car designated in the policy. After trial, the jury, by a special verdict (CPLft 4111, subd. [b]), found i(and to the extent that the jury made no findings, I find) that the plaintiff, for a valuable consideration, purchased the automobile in question through the agency of an automobile mechanic; that at the time the car was transferred to her it was owned by a person other than the transferor (in fact it was a stolen car with an altered vehicle identification number); that the identity of the transferor and all of the documents on which his prior registration of the vehicle were founded were fictitious; and that the plaintiff was innocent of any knowledge of the absence of title in her transferor. As she had for 20 years past, she insured the vehicle with the defendant against various casualties including theft. Three *760 months later, the car was stolen from Mrs. Friscia, but the carrier refused to compensate her for the loss.
Simply stated, the issue is: Does the innocent purchaser for value of a stolen automobile acquire an interest therein which can be insured?
•Counsel for the parties assure me there are no reported cases in point in New York and cite neither case nor statute from this jurisdiction. Counsel for the defendant cites cases originating in other jurisdictions which involve the interpretation of policy provisions not contained in the policy in evidence.
In order to recover, the assured must have had an insurable interest in the property (Insurance Law, § 148); and that interest is defined in the statute as “ any lawful and substantial economic interest in the safety or preservation of the property from loss ”. The statute is a codification of the rule at common law (Fowler v. New York Ind. Ins. Co., 26 N. Y. 422); and whether the origin of the rule be found in the theory that 1 ‘ A policy is a contract of indemnity ’ ’ so that in the absence of an interest in the property “ the holder of the policy sustains no loss ” (Peabody 3 Riggs v. Washington County Mut. Ins. Co., 20 Barb. 339, 341); or in the doctrine that in the absence of a property interest in the holder, the policy is nothing but a wager that the casualty will occur (which may induce the occurrence of the event) (Fowler v. New York Ind. Ins. Co., supra); the rule has long been in effect that the policy is unenforcible unless the holder had an interest in the property at the time of its destruction or other loss.
The character of the interest need not be title, legal or equitable. “ It is well settled that any person has an insurable interest in property, by the existence of which he will gain an advantage, or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon, or possession of the property itself.” (Harrison v. Fortlage, 161 U. S. 57, 65; Rohrbach v. Germania Fire Ins. Co., 62 N. Y. 47, 55; Modern Music Shops v. Concordia Fire Ins. Co., 131 Misc. 305.)
Did Mrs. Friscia have a “ substantial economic interest ” in this car which would have been advanced by the car’s preservation?
The burden of pleading and proving such an interest is on the plaintiff (Granger v. Howard Ins. Co., 5 Wend. 202; Peabody 3 Biggs v. Washington County Mut. Ins. Co., supra; Fowler v. New York Ind. Ins. Co., supra) and the failure to so plead warrants a dismissal of the complaint (Freeman v. Fulton Fire Ins. Co., 38 Barb. 247; Manhattan Fire 3 Mar. Ins. Co. v. Tishman Co., 203 Misc. 452). The complaint, alleging no *761 interest in the plaintiff whatever, is defective. No motion, however, was made to dismiss for failure to plead a cause of action and as the issue of insurability was fully litigated and a prima facie case established sufficient to warrant the granting of a motion to amend the complaint to conform to the evidence (CPLB 3025, subd. [c]), such motion will be deemed to have been made and granted and the case is decided on its merits.
In Nieschlag & Co. v. Atlantic Mut. Ins. Co. (43 F. Supp. 797 [S. Dist., N. Y.], affd. 126 F. 2d 834, cert. den. 317 U. S. 640, rehearing den. 317 U. S. 707) the plaintiff held fraudulently issued warehouse receipts on commodities belonging to another person. The plaintiff was innocent of wrongdoing; it had indicia of ownership for which it had paid value; the beans were in being and identified — but they belonged to another. As the 11 plaintiff did not own the beans and was not entitled to possession of them, it must be held plaintiff did not have any insurable interest therein.” (To the same effect, Curacao Trading Co. v. Federal Ins. Co., 50 F. Supp. 441 [S. Dist., N. Y.] affd. 137 F. 2d 911, cert. den. 321 U. S. 765 — interpreting Insurance Law, § 148.)
The instant case differs from the Nieschlag and Curacao cases (supra) in two respects. In the case at bar the plaintiff had physical possession of the property and the identity of the true owner is unknown whereas in the two cases cited, possession was in the warehouseman and the owners of the property were known.
Neither of these elements creates an insurable interest. To be sure the basis of title to all property, whether real or personal, is the right to possession; and the prior right to possession is, in effect, title (Walsh, Law of Property [2d ed.], § 69 et seq.).
It should be noted, however, and I find from the testimony, that a duplicate of the original vehicle identification number was secreted in the vehicle at the time of manufacture; and the true owner could have been identified at any time as he could now, should the vehicle be recovered. Thus, although Mrs. Friscia had possession of the car, it could have been taken from her by the true owner at any time; and if recovered now, will be taken from her and restored to the true owner.
This very tenuous possession by the plaintiff gave her no “ substantial economic interest ” in its safety or preservation; and Mrs. Friscia therefore had no insurable interest in the car within the meaning of the statute or the cases cited (Insurance Law, § 148; Harrison v. Fortlage, supra; Rohrbach, v. *762 Germania Fire Ins. Co., supra; and Modern Music Shops v. Concordia Fire Ins. Co., supra).
I am not unmindful that the finder of lost property has been held to have an insurable interest in property so found (Reif v. Insurance Co. of North America, 33 Misc 2d 961); but there the finder’s right may mature into title (Personal Property Law, art. 7-B). Mrs F'riscia’s possession could never have become anything more than naked possession; and even that would no longer be preserved should the car be recovered.
One final point deserves comment. Inferentially, the plaintiff has sought to estop defendant from relying on the insurable interest doctrine because the defendant accepted premiums which it has not offered to refund, and presumably, because the evidence on which it relied on the trial of the action was as available when the policy was procured as now. The personification of the carrier so created — plump and placid collecting premiums on cars whether stolen or not, and then galvanized into lean, resolute action when a claim is filed — does in fact appeal to the court’s sense of injustice. But no estoppel is thus created. Legally the insurer is under no obligation to investigate the title to its policyholders’ cars; and in the absence of such a duty, no estoppel can be created by the failure to so investigate.
At most, the plaintiff is entitled to a refund of premiums paid.
Judgment for the defendant.