■ In the Matter of PERGAMON PRESS LIMITED, Respondent, v. PERGAMON PRESS, INC., Appellant.— In a proceeding by a shareholder of appellant for inspection of appellant's record of its shareholders, etc., pursuant to section 624 of the Business Corporation Law, the appeal is from a judgment of the Supreme Court, Westchester County, dated October 31, 1969, which granted the application. Judgment modified in accordance with the written stipulation of the attorneys for the respective parties, dated November 3, 1969, by striking out all its decretal provisions and substituting therefor the following: " Ordered that, upon receipt by Messrs. Kramer, Lowenstein, Nessen and Kamin, of a cable from one of the two independent directors of Pergamon Press, Ltd. authorizing Raymond L. Falls, Jr. or his law firm to make a demand for a stockholders list of Pergamon Press, Inc., Pergamon Press, Inc. shall turn over forthwith the stockholders list that they have presently and shall direct the transfer agent to bring that list up to date as promptly as possible and furnish the up-to-date material to Mr. Falls." As so modified, judgment affirmed, without costs. No opinion. Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.

■ LEONARD LINDNER, Respondent, v. HARTFORD FIRE INSURANCE COMPANY, Appellant.— In an action to recover upon an automobile theft insurance policy, defendant appeals from a judgment of the Supreme Court, Kings County, entered November 13, 1968 after a nonjury trial, in favor of plaintiff. Judgment reversed, on the law and the facts, with costs, and complaint dismissed. Findings below inconsistent herewith are reversed and new findings are made herewith. The proof at the trial established that the automobile insured under the subject policy and subsequently stolen from plaintiff was a stolen car when it was bought by plaintiff; and the trial court so found. The trial court further found that plaintiff was an innocent purchaser of that stolen car and bottomed its judgment for plaintiff on that finding. In our opinion, the latter finding was against the weight of the credible evidence; the evidence established that plaintiff was not an innocent purchaser for value; he did not have an insurable interest in the car; and the policy consequently is not enforceable (see Insurance Law, § 148). In view of this determination, we neither reach nor decide the question whether an innocent purchaser of a stolen car has an insurable interest in it. Brennan, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur. [58 Misc 2d 86.]