Harry T. Nusbaum, J.
In this action on an insurance policy, the assured seeks to recover the value of the car designated in the policy, following the theft of the car. The defendant, insurance company denies liability claiming the assured did not have an insurable interest in the stolen car.
*270 After trial, the jury, by a special verdict found, that the plaintiff did in fact purchase a car, that at the time of purchase the car was in fact a stolen car and that the plaintiff was an innocent purchaser in that the plaintiff did not know that the automobile he purchased was a stolen car.
The issue clearly presented is whether or not an innocent purchaser of a stolen automobile obtains an insurable interest therein. I am of the belief that he does.
I am in accord with the principle that an innocent purchaser of a stolen car obtains an insurable interest therein by virtue of his economic interest in the property purchased. The theft of the property caused the plaintiff to suffer a loss which the defendant insurance company had by contract agreed to compensate him for and the contract of insurance must be honored if as in this case it is established that the plaintiff purchased the car for value without knowledge of the fact that it was a stolen car (Riggs v. Commercial Mut. Ins. Co., 125 N. Y. 7; Cohen v. Government Employees Ins. Co., N. Y. L. J., March 30, 1970, p. 2, col. 6; Lindner v. Hartford Fire Ins. Co., 58 Misc 2d 86, revd. on other grounds 33 A D 2d 686; Perotta v. Empire Mut. Ins. Co., N. Y. L. J., Feb. 6, 1970, p. 16, col. 4; Rogers v. Early, N. Y. L. J., May 14, 1970, p. 19, col. 1).
I am not in accord with the decision reached by my esteemed colleague Judge Steoheb in the case of Friscia v. Safeguard Ins. Co. (57 Misc 2d 759).
As Judge DeMatteo so aptly noted in the Rogers case: “To rule otherwise would be unconscionable; since the defendant carrier has its premiums and promised to extend the protection to the insured under such policy. We must not allow the insurance industry to escape its obligations based upon the mere allegation that the insured car has been stolen. To allow the defendant to collect such premium and disclaim liability when the event insured against occurs, would be a travesty on justice as well as unjust enrichment. ’ ’
Accordingly, judgment is awarded to the plaintiff in the sum of $4,305 plus interest from March 15, 1968. The judgment awarded includes the sales tax of $205 paid by the plaintiff three days before the car was stolen. Taxes are an inescapable fact of life, are paid on every item purchased and to my mind today are an integral part of the market value of the car.