Per Curiam.

An innocent purchaser for value of a stolen vehicle is entitled to recover its value under the theft coverage of the insurer’s policy. Contrary to the contention of the appellant insurer, such an insured has a lawful and substantial economic interest as required by section 148 of the Insurance Law. Neither the manner of his acquisition nor his possession of the vehicle can be said to he unlawful. His substantial economic interest is sustained by the amount of money that he parted with in obtaining possession and colorable ownership of the vehicle. Although there is a division of authority as to this question, the courts of this State in recent decisions have upheld the right of the insured to recover under such circumstances (Perrotta v. Empire Mut. Ins. Co., 62 Misc 2d 925, revd. on other grounds 35 A D 2d 961; Lindner v. Hartford Fire Ins. Co., 58 Misc 2d 86, revd. on other grounds 33 A D 2d 686; Cohen v. Government Employees Ins. Co., N. Y. L. J., March 30, 1970, p. 2, col. 6; Rogers v. Early, N. Y. L. J., May 14, 1970, p. 19, col. 1). The only exception is Friscia v. Safeguard Ins. Co. (57 Misc 2d 759).
The vice sought to be avoided by requiring insurable interest is to prevent the insurance policy from becoming a wagering contract. This is in furtherance of the public policy against wagering which will not be sanctioned by the courts (4 Appleman, Insurance Law and Practice, § 2121; 3 Couch, Insurance [2d ed.],
§ 24:1). Since the insured’s interest in the 1967 Cadillac is based on protecting his expenditure of $4,305, including the sales tax, the policy can hardly he considered a wager (see SJcaff v. United States Fid. & Guar. Co., 215 So. 2d 35 [Fla.]).
The judgment should he affirmed, with $25 costs.
Concur — Stkeit, J. P., Gold and Quinn, JJ.
Judgment affirmed, etc.