Argued March 1, reversed and remanded with directions July 13,
petition for rehearing denied September 6, 1972

# TREIT, *Appellant, v.* OREGON AUTOMOBILE
# INSURANCE CO., *Respondent.*

499 P2d 335

*Raul Soto-Seelig*, Portland, argued the cause for appellant. With him on the briefs was Paul J. Rask, Portland.

*James P. Wall*, Portland, argued the cause for respondent. With him on the brief were Thomas H. Tongue, and Morrison, Bailey, Dunn, Cohen & Miller, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, and HOWELL, Justices.

HOLMAN, J.

Plaintiff brought this action to recover the value of a trailer, which he had insured with defendant against theft. The trial judge, who tried the case without a jury, found for defendant. The judge ruled that, on the basis of plaintiff's failure to satisfy the court that he was an innocent purchaser of the vehicle, plaintiff failed to prove by a preponderance of the evidence that he possessed an insurable interest in the trailer. The major issue in the case is whether, under the circumstances here, there is a necessity that

plaintiff be an innocent purchaser in order to establish that he had an insurable interest.

■ We note that neither the trial court nor the authorities cited by counsel define "innocent purchaser." But the record indicates that the judge assumed, and, we conclude, properly so, that an "innocent purchaser" is one who has no reasonable grounds to suspect that the person from whom he buys an article did not have good title.

Plaintiff testified that, being in the market for a trailer, he had noticed the vehicle in question parked on a service station lot. On an occasion when he made a closer inspection, he discovered a man he had never seen before within the trailer who purported to be the owner. In fact, the trailer belonged to someone else. Plaintiff arranged to purchase it from the person in the vehicle. Plaintiff claims he made a $500 down payment, and agreed to pay an additional $1,000 at a later date. He indicated that the seller was to have delivered to him the certificate of title, which plaintiff never saw, when the second payment was made. However, the seller disappeared long before that date arrived. Plaintiff testified that he spent considerable time and money refurbishing the trailer since its purchase. However, he did not call any witnesses nor produce any records to verify his testimony except a purported bill of sale which set forth the above terms. He claimed to have paid the $500 down payment in cash though he had a checking account.

The trial judge found that there was a "slight stench" surrounding the alleged transaction and indicated that he had little faith in the veracity of the plaintiff. Certainly, because of the paucity of plaintiff's proof of the circumstances under which he secured the trailer and of the lack of plausibility of his

story, there was a basis for the trial judge's finding that plaintiff failed to prove satisfactorily that he was an innocent purchaser. If the circumstances here require plaintiff to be an "innocent purchaser" in order to have an insurable interest, the trial judge's determination of the case will have to stand.

After plaintiff took possession of the trailer, the true owner filed a conversion action against plaintiff in February of 1969, charging that he had delivered the trailer for safekeeping to the proprietor of the service station from whence plaintiff said he secured the trailer and that the proprietor wrongfully delivered the trailer to plaintiff. In April of 1969 plaintiff insured the trailer with defendant. In May the trailer was stolen. The conversion case was subsequently tried and resulted in a judgment for $2,100 against plaintiff.

Many authorities do hold that in order to have an insurable interest, the purchaser must be "innocent."[1] Some courts even say that an innocent purchaser does not have an insurable interest if the article is purchased from a thief.[2]

In *Fenter v. Gen. Acc. Fire & Life Assur.*, 258 Or 545, 484 P2d 310 (1971), this court pointed out that an insurable interest is a prerequisite to recovery be-

---

[1] Nelson v. New Hampshire Fire Ins. Co., 263 F2d 586 (9th Cir 1959); Perrotta v. Empire Mutual Ins. Co., 35 App Div 2d 961, 317 NYS2d 779 (1970); Lindner v. Hartford Ins. Co., 33 App Div 2d 686, 306 NYS2d 255 (1969).

[2] *See, e.g.,* Napavale v. United National Indemnity Co., 169 Cal App 2d 119, 336 P2d 984 (1959); Gordon v. Gulf American Fire & Casualty Co., 113 Ga App 755, 149 SE2d 725 (1966); Hessen v. Iowa Automobile Mutual Insurance Co., 195 Iowa 141, 190 NW 150 (1922); Friscia v. Safeguard Insurance Co., 57 Misc 2d 759, 293 NYS2d 695 (1968); Annot., 33 ALR3d 1417, 1419, 1421-423 (1970).

cause such a requirement prevents wagering on insurance contracts and eliminates the temptation to the insured to destroy the property. An insurable interest is described in *Fenter* in the following manner:

"* * * We have never held that an interest in property, to be insurable, must be legally enforceable. We seem to have inquired only whether the insured had a direct pecuniary interest in the preservation of the insured property. In Bird v. Central Mfg. Ins. Co., 168 Or 1, 6, 120 P2d 753 (1942), we said

" '* * * It is well settled that any one has insurable interest in property who derives a benefit from its existence or would suffer loss from its destruction. It is sufficient to constitute an insurable interest in property that the insured is so situated with reference to the property that he would be liable to loss should it be injured or destroyed by the peril against which it is insured. * * *' " 258 Or 550.

■■ It follows that an insurable interest should be defined in the terms of the insured's economic interest in the article covered, rather than depend on whether the insured is an "innocent purchaser." It is the insured's economic interest in the article which prevents the insurance contract from becoming a wager or an arrangement which encourages fraud. Such a rule provides adequate protection so long as contracts of insurance are treated as ones of indemnity, and recovery is allowed solely on the basis of the extent of the insured's economic interest in the insured article. If a sufficient economic interest is present to prevent the insurance policy from becoming a wagering contract and to prevent the goods from being intentionally destroyed by the insured, there is no necessity that the purchaser be "innocent."

The rule is further stated as follows in Harnett and Thornton, "Insurable Interest in Property: A Socio-Economic Reevaluation of a Legal Concept," 48 Colum L Rev 1162, 1185 (1948):

> "Based on economic analysis it is submitted that there is only one true concept of insurable interest, and that is the factual expectation of damage. Restated, this conception is that insurable interest exists if the insured, independently of the policy of insurance, will gain economic advantage from the continued existence of the insured property, or will suffer economic disadvantage on damage to the property * * *."

At the time plaintiff insured the trailer and at the time of the loss there was no temptation on plaintiff's part to destroy the trailer (other than the temptation to which every insured is subject to convert an insured article into cash). His possession of the vehicle had already been discovered by the true owner and the action of conversion had been brought against him. At that time plaintiff could not possibly have been benefited by the destruction or disappearance of the trailer. If he lost the conversion case (he did), he owed the value of the trailer to the owner; if he won the case, his right to the trailer would be confirmed. In either event, his interest in the trailer was such that he would suffer the loss of its value by its destruction or disappearance.

█ In the present case, plaintiff's economic interest in the insured article is not the amount he paid for it plus his cost of renovation, but it is the actual value of the trailer at the time of its loss. At that time, the risk of such loss was his and there was no monetary advantage or risk of discovery which could conceivably induce fraud on his part. Conse-

quently, the "innocent purchaser" rule has no proper application in this case.

Finally, the trial court ruled that the defendant met its burden of proof on its affirmative defense that plaintiff and his wife knowingly concealed a material fact—the pendency of the conversion action—when the wife made the application for the insurance. Representatives of the defendant testified that they would not issue a policy on an article when the applicant was a defendant in a conversion action concerning the item. However, there is no reasonable ground for refusing insurance in such a case because, as the agent who actually issued the policy indicated, a dispute over ownership of the vehicle would not increase the hazard of loss because the "exposure would be there no matter who owned it."

■■ Nevertheless, there is a dispute in the testimony whether plaintiff's wife, who made the application for insurance by telephone, informed the agent of a "legal matter" concerning the trailer. But there is agreement that she informed him that she and plaintiff did not have "title," although the agent took this to mean they did not have a *certificate of title.* Nothing in this evidence indicates an *intentional* concealment of the conversion action. We held in *McDaniel v. Insurance Co. of Oregon,* 243 Or 1, 410 P2d 814 (1966), that absent a written application or other means of placing the insured on notice that a condition was considered material by the insurer, the insured could not be expected to know that a condition was material. There is no requirement that the insured take the initiative in bringing matters to the attention of the insurer in the absence of a showing that the insured should have been cognizant of their materiality. The record cannot

be held to support a finding that defendant insurer met its burden of proof as to intentional concealment of a material fact by plaintiff and his wife.

The judgment of the trial court is reversed and the case is remanded to the trial court for entry of a judgment in favor of plaintiff in accordance with the terms of the policy and in such sum as the trial court shall determine the value of the insured property to have been at the time of its loss.

McALLISTER, J., concurring.

In my view this case does not turn on whether plaintiff was an innocent purchaser. When the true owner discovered that plaintiff wrongfully had possession of his trailer and elected to bring a conversion action against plaintiff he vested plaintiff with an insurable interest in the trailer. If the true owner prevailed in the conversion action plaintiff would be liable for the value of the trailer at the time of the conversion, even though the trailer was lost or destroyed during the pendency of the action. If plaintiff prevailed in the conversion action his right to possession of the trailer would be judicially established. In the event of either outcome of the conversion action plaintiff had a pecuniary interest in the trailer and would suffer a loss by its destruction.

When the true owner filed the conversion action the "innocent purchaser" question was no longer material. I concur in the result of the majority opinion.

HOWELL, J., dissenting.

The majority opinion states that there was evidence supporting the trial court's finding that plaintiff was not an innocent purchaser of the trailer. However, as I understand the majority opinion, it holds

that, under the circumstances of this case, plaintiff was not required to sustain the burden of proving himself to be an innocent purchaser in order to have an insurable interest because (1) an insurable interest is an "economic" interest, and (2) plaintiff had an "economic" interest in the trailer because the true owner had brought a conversion action against him.

To the best of my knowledge, this is the first time a court has decided the question of whether a person who purchases goods from a thief has an insurable interest in the goods on some grounds other than the status of the purchaser. If the purchaser is an innocent purchaser he has an insurable interest in the article; if he is not an innocent purchaser he does not have an insurable interest.[1]

The result of the majority opinion is that one who knowingly purchases from a thief, or the thief himself, can insure the object, and if it is stolen again from him he has an insurable interest because he has an "economic" interest in the article. His case for recovery against his insurer is made even stronger if the true owner finds him and files a conversion action before action on his insurance policy has been litigated. As a result it could be to the advantage of the purchaser from a thief, or the thief, to have the goods

---

[1] Smith v. State Farm Mutual Automobile Insurance Co., 231 So2d 193 (Fla 1970); Skaff v. United States Fidelity & Guaranty Co., 215 So 2d 35 (Fla App 1968); Barnett v. London Assurance Corp, 138 Wash 673, 245 P 3 (1926); Scarola v. Insurance Company of America, 67 Misc 2d 269, 323 NYS2d 999 (1970), aff'd 67 Misc 2d 437, 323 NYS2d 1001 (1971); cf. Savarese v. Hartford Fire Insurance Co., 99 NJL 435, 123 A 763 (1924); Norris v. Alliance Ins. Co. of Philadelphia, 1 NJ Misc 315, 123 A 762 (1923); Nelson v. New Hampshire Fire Ins. Co., 263 F2d 586 (9th Cir 1959); Perrotta v. Empire Mutual Ins. Co., 35 AD2d 961, 317 NYS2d 779 (1970); Lindner v. Hartford Ins. Co., 33 AD2d 686, 306 NYS2d 255 (1969).

stolen again, or destroy them himself, because it would result in converting the goods into cash, thereby relieving himself of the dangers of possession.

Plaintiff's right to recover in this case should be decided on the basis of whether he was an innocent purchaser. It should not be decided on the basis of an economic interest in the trailer and whether or not the true owner brought an action of conversion against him. Even one who knowingly purchases from a thief, or, for that matter, the thief himself, could be said to have an economic interest in the article to some extent. The fact that the true owner brought a conversion action is not relevant. Would plaintiff have an insurable interest if the true owner had failed to find him and sue him for conversion? What would be the result if plaintiff had sued defendant on his policy and the conversion action was brought *after* the action on the policy had been litigated?

As there was substantial evidence to support the trial court's finding that plaintiff failed to sustain his burden of proof, I would affirm.