31 N.Y.2d 411 (1972)
Jesse T. Scarola, Respondent,
v.
Insurance Company of North America, Appellant.
Court of Appeals of the State of New York.
Argued December 4, 1972.
Decided December 29, 1972.
William F. McNulty, Daniel J. Coughlin and Anthony J. McNulty for appellant.
Arthur L. Goldstein for respondent.
Chief Judge FULD and Judges SCILEPPI, BREITEL, JASEN and GIBSON concur with Judge BERGAN; Judge BURKE dissents and votes to reverse in a separate opinion.
*412 BERGAN, J.
The finding of fact that plaintiff purchased the automobile insured by defendant for value and without knowledge it was stolen has been affirmed, both by the Appellate Term and by the Appellate Division, and is not an open question here. Thus the issue of plaintiff's insurable interest must be examined on the assumption he was an innocent buyer of the vehicle insured by defendant, and subsequently stolen.
Plaintiff had a right to possession of the car against any contrary assertion except that of the true owner. This right, under general principles, ought to be regarded as an insurable interest. The New York rule was laid down by Judge FINCH in National Filtering Oil Co. v. Citizens' Ins. Co. of Mo. (106 N.Y. 535). He noted that the cases he cited, e.g., Herkimer v. Rice (27 N.Y. 163), "decide that an interest, legal or equitable, in the property burned, is not necessary to support an insurance upon it; that it is enough if the assured is so situated as *413 to be liable to loss if it be destroyed by the peril insured against; that such an interest in property connected with its safety and situation as will cause the insured to sustain a direct loss from its destruction, is an insurable interest; that if there be a right in or against the property which some court will enforce upon the property, a right so closely connected with it and so much dependent for value upon the continued existence of it alone, as that a loss of the property will cause pecuniary damage to the holder of the right against it, he has an insurable interest" (107 N. Y., at p. 541).
This decision was followed in Riggs v. Commercial Mut. Ins. Co. (125 N.Y. 7) in which Judge ANDREWS observed that although a stockholder of a corporation had neither title to corporate property nor equitable title which he could convert to a legal title, he has a sufficient interest in such property to insure it. For example, its loss might affect dividends (p. 13). If the law recognizes the right of a purchaser of a car in good faith and for value to possession, it would seem to follow that this right to possession, limited though it may be, is insurable.
The general policy problem underlying the concept of "insurable interest" essentially is whether an insured, having no real economic interest in the subject, is actually making a wagering contract. The principle is laid down in Corpus Juris Secundum (Vol. 44, Insurance, § 175, subd. [b], p. 870): "An `insurable interest' is sui generis, and peculiar in its texture and operation. In general a person has an insurable interest in the subject matter insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by the happening of the event insured against. Great liberality is indulged in determining whether a person has anything at hazard in the subject matter of the insurance, and any interest which would be recognized by a court of law or equity is an insurable interest."
Two States have held under similar circumstances to those now here that the purchaser in good faith of a car has an insurable interest. In New Jersey this was held in Norris v. Alliance Ins. Co. (1 N. J. Misc. 315), and in Washington in Barnett v. London Assur. Corp. (138 Wash. 673).
*414 In the latter case the court observed: "The car covered by the policy upon which the action is based was purchased by the respondent in good faith, used by him, the insurance policy issued to him and the premium paid. Even though the automobile may have been originally stolen from the rightful owner, the respondent had the title and the right to possession of it as against all the world except the rightful owner, assuming that the car had been stolen from him" (138 Wash., at p. 675).
In a recent case in the Second Department (Perrotta v. Empire Mut. Ins. Co., 35 A D 2d 961) the court treated as decisive on insurable interest whether plaintiff was "an innocent purchaser of the automobile". Holding that he was not, the court held he had no insurable interest.
Decision in Nieschlag & Co. v. Atlantic Mut. Ins. Co. (43 F.Supp. 797 [S. Dist., N. Y.], affd. 126 F.2d 834, cert. den. 317 U. S. 640, rehearing den. 317 U. S. 707) is distinguishable. The insured had no possession or right to possession of the goods represented by the fraudulent receipt. The fraudulent paper gave it nothing to assert against anyone and it could not bring itself within any of the general definitions of an "insurable interest".
The order should be affirmed, with costs.
BURKE, J. (dissenting).
In this action to recover on an insurance policy, the issue presented is whether an innocent purchaser of stolen property has an insurable interest therein under section 148 of the Insurance Law.
The respondent insured allegedly purchased a used Cadillac for $4,100 from an unknown salesman whom he met through his brother-in-law. The car, which had previously been registered in New Hampshire, was then registered in New York and a comprehensive insurance policy thereon was issued by the appellant. Some three days after the purchase the car was stolen from the insured and concededly has not yet been recovered. Upon processing the theft claim it was discovered that the insured automobile bore a false serial number  the implication being that the insured had purchased a stolen car. The appellant then disclaimed liability on the ground that the insured had no insurable interest in the subject property.
*415 At the trial, the insured failed to produce any documentary evidence that he actually purchased the car in question. He produced instead only his canceled bankbook showing a timely withdrawal of $2,500 and testimony that he had borrowed the balance from his brother-in-law. Despite the weakness of the evidence, the jury, by special verdict, found that the insured had been an innocent purchaser of a stolen vehicle. The trial court then awarded judgment to the insured, taking the position that an innocent purchaser of a stolen car obtains an insurable interest therein by virtue of his economic interest in the property purchased (see Perrotta v. Empire Mut. Ins. Co., 62 Misc 2d 925, revd. on other grounds 35 A D 2d 961; Lindner v. Hartford Fire Ins. Co., 58 Misc 2d 86, revd. on other grounds 33 A D 2d 686. But see Friscia v. Safeguards Ins. Co., 57 Misc 2d 759). Both the Appellate Term, First Department (67 Misc 2d 437), and the Appellate Division (38 A D 2d 1012) affirmed.
I disagree. The division of authority on this issue is widespread. (See Ann., Insurable Interest  Stolen Automobile, 33 ALR 3d 1417.) While some jurisdictions have adopted the position taken by the courts below (see, e.g., Skaff v. United States Fid. & Guar. Co., 215 So. 2d 35 [Fla.]; Barnett v. London Assur. Corp., 138 Wash. 673; Norris v. Alliance Ins. Co., 1 N. J. Misc. 315) others maintain the position that a purchaser of stolen property, having acquired no interest from the seller, has no insurable interest in the property (see Napavale, Inc. v. United Nat. Ind. Co., 169 Cal. App. 2d 119; Gordon v. Gulf Amer. Fire & Cas. Co., 113 Ga. App. 755; Hessen v. Iowa Auto. Mut. Ins. Co., 195 Iowa 141). I am of the opinion that this latter position, as set forth in Friscia v. Safeguard Ins. Co. (57 Misc 2d 759, supra) better represents the legislative intent underlying section 148 of the Insurance Law.
Under section 148, a contract of insurance is unenforceable absent an insurable interest in the person to be benefited. The section then defines an "insurable interest" as "any lawful and substantial economic interest in the safety or preservation of the property from loss, destruction or pecuniary damage." While such interest need not be legal, equitable, or possessory, it must be such that the loss or destruction of the property will result in liability or pecuniary damage to the insured (Harrison v. Fortlage, 161 U. S. 57, 65; Riggs v. Commercial Mut. Ins. Co., 125 N.Y. 7, 12; *416 National Filtering Oil Co. v. Citizens' Ins. Co. of Mo., 106 N.Y. 535, 541; Rohrbach v. Germania Fire Ins. Co., 62 N.Y. 47, 55. See, also, 30 N. Y. Jur., Insurance, § 752). By statutory definition, the potential loss to the insured must be "substantial".
In my opinion, the insured innocent purchaser had no "substantial" economic interest in the stolen car. His monetary investment was lost at the time of purchase; and having purchased the vehicle from one without any interest therein, he acquired only a qualified possessory interest (as against all but the true owner) which, as Mr. Justice STECHER pointed out in Friscia (57 Misc 2d 759, supra) was so tenuous that it might have been terminated at any moment by the true owner. As such, the value of the qualified possessory interest was highly speculative, and a loss thereof can hardly be considered "substantial."
Moreover, in thus holding the interest of the innocent purchaser of stolen property to be insurable, the courts are effectively expanding the liability exposure of insurance companies in this State. I submit that such is more properly a legislative function, which could be effected by a simple amendment of section 148 to include within its coverage the nonsubstantial interest of the innocent purchaser of stolen property.
Accordingly, the judgment below should be reversed.
Order affirmed.