OPINION OF THE COURT
Herman Cahn, J.
This action was submitted on an agreed statement of facts pursuant to CPLR 3222.
THE FACTS
On March 22, 1977, plaintiff purchased a 1976 Cadillac *244 Coupe de Ville bearing identification number 6D47S6E121853. The car had been advertised in the New York Times by a woman who identified herself as Alice Patain. Before the actual purchase, plaintiff met Alice Patain to inspect the car and found it to be in perfect condition. After further inspection of the car, he agreed to purchase it for $6,800 (the amount sought herein).
On March 22, 1977, the purchase was consummated. Alice Patain signed the title certificate, wrote a bill of sale and gave the plaintiff the transfer portion of the registration as well as a certificate of a diagnostic center approval. Plaintiff in turn paid the purchase price by bank and certified check, and agreed to meet Alice Patain the following day in order to return her license plates. When plaintiff’s wife attempted to register the car, the Motor Vehicle Department ascertained that it had been stolen. The police thereupon confiscated the car.
On March 21, 1977, plaintiff was the insured under an insurance policy issued by defendant effective from March 21, 1977, to June 21, 1977, which covered the 1976 Cadillac as an "owned” vehicle, and which afforded comprehensive coverage.
Plaintiff brings this action on said insurance policy, basically contending that since the automobile was stolen, defendant is liable for his loss. Defendant maintains that it is not obligated for the loss because at the time of the purchase the automobile in question was a stolen vehicle and therefore plaintiff never acquired title or an insurable interest therein.
THE LAW
 An innocent buyer for value of a stolen automobile obtains an insurable interest therein. (Scarola v Insurance Co. of North Amer., 31 NY2d 411; Lindner v Hartford Fire Ins. Co., 58 Misc 2d 86, revd on other grounds 33 AD2d 686.) As was stated in Scarola v Insurance Co. of North Amer. (supra, at p 413): "In general a person has an insurable interest in the subject matter insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by the happening of the event insured against.”
Here, plaintiff found the automobile which he purchased *245 by means of an advertisement in a daily newspaper. He had the automobile examined by an independent firm, and he paid the purchase price by checks. It is clear that he is an innocent purchaser for value and has obtained an insurable interest in the automobile.
However, plaintiff’s title, although good against the rest of the world, is not good against the true owner of the automobile from whom it was stolen. (Scarola v Insurance Co. of North Amer., supra.) The true owner will always retain a superior claim to the automobile, notwithstanding the plaintiff paid value therefor. The true owner’s taking of the automobile from plaintiff cannot be considered a stealing or other wrongful taking. The car here was thus not stolen from plaintiff but was lawfully repossessed by the police who were in effect acting as the agent of the true owner. Such a repossession or loss is not covered by the insurance policy written by defendant. To hold otherwise would be to convert such insurance policy into a title insurance policy as well as a policy against comprehensive loss. (See Smith v State Farm Mut. Auto. Ins. Co., 220 S2d 389 [Fla].) Plaintiff cannot insure himself by means of a comprehensive policy against the claims of the true owner or against the acts of the police authorities acting on behalf of the true owner.
The complaint is therefore dismissed.