Argued March 5; affirmed March 17, 1942

# CHANEY *v.* COOS COUNTY ET AL.

(123 P. (2d) 192)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND and ROSSMAN, Associate Justices.

*Harry A. Slack*, of Coquille, for appellant.

*Ben C. Flaxel*, of North Bend (James G. Smith, of Salem, on the brief), for respondents.

RAND, J. This is a proceeding in mandamus to compel the defendants, as county judge and county commissioners of Coos county, to convey to plaintiff certain real property which was acquired by the county through the foreclosure of a delinquent tax lien. An alternative writ of mandamus was issued out of the circuit court for said county, requiring the defendants to make said conveyance or to show cause for not having done so. The defendants demurred to the writ and, from an order sustaining the demurrer and dismissing the proceeding, the plaintiff has appealed.

It appears from the allegations of the writ that the county acquired title to the property described in the writ on September 28, 1931, through the foreclosure of a delinquent tax lien which, at that time, amounted to the sum of $1,673.19 and that one George H. Chaney was the record owner of said property at the time the lien was foreclosed. On March 25, 1941, the plaintiff, claiming to be the assignee of said former owner, petitioned the county court of Coos county to convey the land to her upon the payment by her to the county of the sum of $2,626.92, which she alleged is the amount of said delinquent tax lien plus interest thereon from the 28th day of September, 1931, to the 25th day of

March, 1941, at the rate of six per cent per annum. The defendants refused to accept said offer or to make said conveyance. This action by the county court, plaintiff contends, was in violation of the following provision contained in section 86-143, O. C. L. A.:

"* * * provided, however, that the county court or board of county commissioners shall have power at any time, without the publication of the notice hereinbefore provided for, to sell and convey by deed signed by the county judge and commissioners or the board of county commissioners, to the record owner or to his assigns, any property acquired by any county for delinquent taxes for not less than the amount of taxes and interest accrued and charged against such property at the time of purchase by the county with interest thereon at the rate of 6 per cent per annum from the date of such purchase * * *".

 It is clear from a mere reading of the above provision of the statute that the legislature did not intend to make it the duty of the county court or board of county commissioners, as the case may be, to sell to the record owner or his assigns any of the lands referred to therein but merely to confer a power which they could exercise or not, as they saw fit to do, the only limitation upon such power being that, if they did make such sale, the price should not be less than that provided by the statute and left to their determination how much greater the price should be. Except as to the price, the statute was permissive and enabling only. The price which the statute provides for the making of the sale is not less than the amount thus specified. It does not mean that, if the county court should exercise the power, it must sell for not more than the price fixed by the statute. The rule applicable to the construction of this provision is that stated in

Lewis' Sutherland Stat. Const., vol. 2, section 634, as follows:

"Where statutes are couched in words of permission, or declare that it shall be lawful to do certain things, or provide that they may be done, their literal signification is that the persons, official or otherwise, to whom they are addressed are at liberty or have the option to do those things or refrain, at their election."

To place any other construction upon this statute would, as the trial court aptly stated, be nothing short of judicial legislation.

For these reasons, the judgment appealed from is affirmed.