Submitted October 3, affirmed December 12, 1962

# ARMBRUST *v.* THE TRAVELERS INSURANCE COMPANY

376 P. 2d 669

618

Joseph F. Gillham and Floyd Hinton, Portland, for appellant.

Tooze, Kerr, Tooze & Morrell, Edwin J. Peterson and Lamar Tooze, Jr., Portland, for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

WARNER, J.

George R. Armbrust, as the assignee of his mother, Lucile R. Armbrust, brings this action against The Travelers Insurance Company. He claims as an alleged loss payee under a policy insuring one Austin Whitmer against loss by fire to certain auto trucks owned and operated by Whitmer as an interstate trucker. Plaintiff seeks to recover damages sustained by fire to one 1928 Fageol truck. The trial was had before the court without a jury. The plaintiff appeals from a judgment in favor of the defendant insurance company. Here, the appeal is submitted on the briefs of the respective parties.

The following facts were stipulated: that the title to said 1928 truck is registered with the Department of Motor Vehicles in this state. It lists Lucile R. Armbrust as the legal owner, and the Alcan Lumber Company as the registered owner; that the interest of Mrs. Armbrust was at all times in excess of the cost of the repairs alleged in the complaint to be

$3,690.29; that the subject truck was damaged by fire about the twenty-first day of September, 1958; that the insurance policy under which plaintiff claims was issued by the defendant to Austin Whitmer and included fire coverage; that the following telegram, dated July 21, 1958, was received by the addressee, Mrs. Loyd States:

"Mrs. States, 1928 Fageol truck rebuilt to Sterling covered for 250 deductible collision and fire and theft under policy number SL6950104 issued to Austin Whitmer expiration date October 10, 1958. Valuation 6000 loss payee Lucille R Armburst [sic] 3855 Southeast Yamhill Portland Oregon.

"Hugh F Robinson";

and that the said Hugh F. Robinson, of Idaho Falls, Idaho, was during the year 1958 a duly licensed agent for the defendant and was the agent who sold the above-described policy issued to Austin Whitmer. The stipulation contained other matter which we have no need to notice on this appeal.

From the policy, which was in evidence, we learn that it was issued to Whitmer in November, 1957, as the then owner of eight trucks or automobiles particularly described therein. It does not include by later endorsement or otherwise any reference to the 1928 Fageol in which plaintiff is interested. The policy also tells us that Whitmer's residence is Bountiful, Utah.

The allegations of plaintiff's not too perfect complaint are predicated upon the theory that Whitmer had an insurable interest in the truck as a registered owner and that Mrs. Armbrust is a loss payee under the policy. We note, but ignore, his shift in his brief to a claim that Whitmer was a lessee.

The trial court rendered findings of fact as follows:

"1. The Court finds generally as a fact that the plaintiff has failed to prove by satisfactory evidence the material allegations of his complaint.

"2. The Court finds specially, as a fact, that the plaintiff has failed to prove by satisfactory evidence facts sufficient to support the legal conclusion (a) that the truck involved in this cause was insured under the defendant's policy of insurance involved in this cause, and (b) that the named insured in said policy had an insurable interest in said truck."

The crucial question on the appeal relates solely to whether plaintiff has sustained the burden cast upon him to prove that Whitmer had an insurable interest in the reconverted Fageol truck. If he did not, then all arguments advanced by plaintiff to bring his claim under the policy must fail.

Plaintiff tenders three assignments of error: (1) the finding that plaintiff failed to prove that the truck was covered by defendant's policy; (2) the finding that plaintiff had failed to prove that Whitmer had an insurable interest in the truck; and (3) that the court erred in holding that the burden of proving an insurable interest in Whitmer rested with plaintiff. Because the second and third assignments relate to the primal question of Whitmer's insurable interest, we will give them first attention and consider them together.

■ Plaintiff's theory for recovery, as above stated, is as a loss payee under the policy issued by defendant to Whitmer. Assuming, however, that plaintiff had proven that his assignor was made the loss payee in the policy by virtue of the telegram from Robinson, plaintiff still has the burden of showing that Whitmer

had an insurable interest in the truck. The first reason for this is: this jurisdiction is committed to the general rule that in an action upon an insurance policy, plaintiff must allege and prove that the insured had an insurable interest in the property, both at the time of the making of the contract of insurance and at the time of the loss. *Yoshida v. Security Ins. Co.,* 145 Or 325, 337, 26 P2d 1082 (1933); *Oatman v. Bankers' Fire Relief Assn.,* 66 Or 388, 392, 133 P 1183, 134 P 1033 (1913); *Chrisman v. State Ins. Co.,* 16 Or 283, 288, 18 P 466 (1888); 46 CJS 506, Insurance § 1350.

■■ Moreover, when an insurance policy contains a loss-payable clause, the "loss payee" does not claim as an assignee of the policy, but merely as an appointee to collect the insurance; consequently, he must claim in the right of the insured, and not in his own right. 5 Couch, Insurance (2d ed 1960), 350, § 29:65. "A fortiori, if insurance is payable to a mortgagee as his interest may appear, he is not entitled to recover, if the insured is not * * *." 5 Couch, Insurance (1929), 4432, § 1215a. The section from whence the foregoing quotation was taken is cited with approval in *Haskin v. Greene,* 205 Or 140, 148, 286 P2d 128 (1955). See, also, *Smith v. Germania Fire Ins. Co. of N. Y.,* 102 Or 569, 574, 202 P 1088, 19 ALR 1444 (1922), where the court said at 575:

> "* * * under a policy making the loss payable to a third person the payee is not a party to the contract, but only an appointee whose rights are dependent upon the rights of the insured * * *."

The plaintiff's right to the loss payment under the policy is derived from the right of Whitmer and then only if Whitmer had an insurable interest in the truck. Therefore, it was incumbent upon him, as the alleged

loss payee, to plead and prove that Whitmer, as the named insured, had such an interest.

There is not one iota of evidence that Whitmer at any time bore any relationship of privity to plaintiff's assignor. He was not her debtor. He had made no engagements to furnish any kind of insurance. Indeed, the record discloses no dealings of any kind between Mrs. Armbrust and Whitmer. See *Yoshida v. Security Ins. Co.,* supra (145 Or at 336), where the owners of a parcel of land, leased by their predecessors to plaintiffs' assignors, unsuccessfully attempted to claim from the defendant insurance company the fire losses under a policy taken out by plaintiff, but without obligation on his part to do so for the defendant owner's benefit.

In our opinion, the testimony points to Loyd States as the only party having an insurable interest in the truck, other than plaintiff's assignor. We find in evidence a conditional sales contract made and executed February 3, 1958, wherein Lucile R. Armbrust is described as the seller and "Loyd States dba Alcan Lumber Company" is described as the buyer, who signs "Alcan Lumber Company By Loyd States." It was the testimony of the plaintiff that States negotiated the sale and that all payments thereafter made on the contract were made by States or his wife in his behalf. The receipts issued for those payments were to the party making the payment. Mr. Armbrust further stated that Whitmer made no payments under the contract.

States was obligated under the sales contract to keep the truck insured against fire, loss payable to the seller. Failing to receive such insurance protection, plaintiff called upon States, not Whitmer, to fulfill this contractual obligation. His meeting with the

States at the Alcan Lumber Yard resulted in Mrs. States' long-distance call to defendant's agent Robinson, in Idaho. It produced the telegram to which we made reference above.

We note that plaintiff did not call upon Whitmer, States or his wife or attempt to excuse their absence.

■■ "It is not the function of this court in law actions to pass on the credibility of witnesses, to weigh the evidence, or to resolve the conflicting testimony" (*Sexton v. Kelly,* 185 Or 1, 12, 200 P2d 950 (1948)), and if the findings of the trial court are supported by some substantial evidence, as they are in the instant matter, this court on appeal is conclusively bound thereby. *Shaver Co. v. Eagle Star Ins. Co.,* 177 Or 410, 414, 162 P2d 789 (1945); *Miller Lumber Corp. v. Miller,* 225 Or 427, 438, 357 P2d 503 (1961).

Our conclusions respecting the second and third assignments of error render it unnecessary to give attention to plaintiff's first assignment.

The judgment is affirmed.