Argued December 2, 1965, reversed with directions
February 24, 1966

## JAQUITH ET UX *v.* HARTLEY ET AL

411 P. 2d 274

*Steve Anderson* and *Allan G. Carson,* Salem, argued the cause for appellants. With Mr. Anderson on the briefs were Carson, Carson & Carson, Salem.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause and filed a brief for respondents.

Before McAllister, Chief Justice, and Perry, Goodwin, Denecke and Schwab, Justices.

DENECKE, J.

The plaintiffs' land was foreclosed by the county because of delinquent taxes. The statutory right of redemption was not exercised (ORS 312.120), and on February 9, 1961, the county acquired fee simple title

to the property pursuant to ORS 312.200. At that time all rights of redemption were terminated by operation of statute. The county subsequently withdrew the foreclosed property from a proposed public sale because the County Park and Recreation Commission recommended that the property be designated as a park and recreational area under the provisions of ORS 275.320. On October 18 the minutes state that the county court adopted a motion that the property be set aside for such purposes. Thereafter, the county court learned that the plaintiffs wanted to repurchase the property by payment of the taxes and interest, pursuant to ORS 275.180. On December 15, 1961, the county judge signed an order designating the property as a park and recreational area, but the other two commissioners refused to sign such order.

Plaintiffs brought this declaratory proceeding seeking a declaration that the order of December 15, 1961, signed by the county judge, alone, is void, and declaring that the commissioners may accept plaintiffs' offer to purchase. The trial court held that an order reserving the property for park and recreational purposes became effective on October 18, 1961, and that the plaintiffs have no justiciable interest in the property.

The first issue that must be decided is whether this cause has justiciability. The trial court found that it did not. The essence of the county's argument is that it is completely within the discretion of the county whether or not to transfer the property back to the Jaquiths upon payment of delinquent taxes and interest, and even if it were decided that the county commissioners had the power to transfer, this would not necessarily cause the county to actually transfer the property.

Whether or not a cause is justiciable is a question that is not always easily solved. See *Hale v. Fireman's Fund Ins. Co.*, 209 Or 99, 302 P2d 1010 (1956); *Drake v. City of Portland,* 172 Or 558, 143 P2d 213 (1943). We have held, generally, that a controversy is not justiciable if "the rights of the plaintiff are contingent upon the happening of some event which cannot be forecast and which may never take place." *Hale v. Fireman's Fund Ins. Co.,* supra, at 104. Professor Borchard terms the interest that a plaintiff must have to invoke declaratory relief a "legal interest." He wrote:

> "* * * Proposed action may be quite enough to create 'legal interest' in an adjudication; its consummation may even depend upon the clarification of the legal position of the parties. What is to be avoided is a purely academic or hypothetical issue which gives no indication of becoming operative or practical." Borchard, Declaratory Judgments (2d ed 1941), 53.

■■ Even though they had no legal obligation to transfer, a majority of the county commissioners testified at trial that they would reconvey if it was held that they had the power. A majority is all that is necessary to make a conveyance. ORS 203.110. According to the record, if this court declares that the commissioners are free to convey to the Jaquiths, a conveyance will be made. Viewed in this light, plaintiffs have a legal interest which will blossom into legal title to the property if this court decides in plaintiffs' favor. We conclude that this is a justiciable controversy.

■ The county also contends that a writ of review is the only procedure for judicial review of the county's action. ORS 203.200 provides:

> "The decisions of the county court made in the

transaction of county business shall be reviewed only upon the writ of review provided by the civil procedure statutes."

This is not a proceeding to determine whether the decision of the county court is beyond its jurisdiction or reached by faulty procedures, which are the functions of a writ of review. *Vollmer v. Schrunk,* 242 Or 196, 409 P2d 177 (1965). The issue here is whether the county court has made a decision in the form provided by statute. This is not within the purview of ORS 203.200.

■ We must then determine the effect of the commissioners' action of October 18.

An exhibit denominated "Minutes of County Court" was introduced. The pertinent entry is:

"MOTION: It was moved by Commissioner McCarthy, seconded by Commissioner Ahrens and carried that the Marion County Court adopt the recommendation of the Marion County Park and Recreation Commission, and set aside the so called Jaqueth [sic] Property of about forty-six acres in the Sunnyside Fruit Farms and Homestead Acres Addition in Marion County, for park and recreation purposes.

"On September 25, the Marion County Park and Recreation Commission advised the Court of its recommendation to set aside said land for park and recreation purposes.

"The District Attorney will be requested to prepare an order setting aside said land for park purposes."

ORS 275.330(1) provides:

"Upon the *entry of an order* by the county court setting aside the real property for county forest, public park or recreational area, the lands shall be set apart for such use. Thereafter such lands may

not be alienated by the county court for any purpose unless authorized by a majority of the voters of the county in a regular or special election, except that: * * *." (Emphasis added.)

Because of the above-quoted statute, once the county court orders the property set aside, it cannot be transferred except by an election. The problem, then, is determining whether the county court's action of October eighteenth amounted to "entry of an order * * * setting aside the real property for * * * public park or recreational area * * *." ORS 275.330.

The county court was acting in a nonjudicial capacity in this entire transaction and the definition of an "order" and "entry of an order" in the chapter on civil procedure is of no assistance. ORS 16.710.

The setting aside of county land for park and recreational purposes pursuant to ORS 275.320 is a substantial restriction on alienability. It is desirable for the clarity of land titles that restrictions on alienation be in as precise and preservable form as possible. Minutes of a county commissioners' meeting do not meet that standard. The minutes in this case are insufficient because the description of the property is inadequate. The description could be attached as an appendix, but this was not done. If it had been, it would not have been as satisfactory as having everything presented within one document, complete in itself. The minutes in evidence do not contain the date of the action, except for a penciled date, which from the transcript and briefs we know to be the date of the adoption of the motion. This, again, could be added, but is subject to the same weakness as adding the legal description.

The legislature was aware of the importance of such county action upon land titles. ORS 275.360 provides: "Certified copies of all orders of the several county courts made under ORS 275.320, 275.330 [the two sections with which we are concerned] * * * affecting the title or status of real property shall be recorded in the deed records of the county in which such lands are located."

We conclude that the action of the county court evidenced by an adopted motion as shown by the minutes of the county court is not the "entry of an order" as contemplated by ORS 275.320 and 275.330.[1]

■ The order signed only by the county judge is ineffective because it is not concurred in by a majority of the county court.

Reversed with directions to enter a declaratory judgment consistent with this opinion.

---

[1] The trial court in Balacek v. Board of Trustees, Etc., 26 NYS2d 419, 425 (1941), reached the same conclusion. It well termed the adoption of a motion, "a mere expression of view upon which an order issues to make it effective."