Argued and submitted April 6, reversed and remanded
April 28, 1971

FENTER, *Appellant, v.* GENERAL ACCIDENT
FIRE AND LIFE ASSURANCE CORPORATION
LTD., *Respondent.*

484 P2d 310

*Michael O. Whitty,* Coos Bay, argued the cause and filed a brief for appellant.

*Paul L. Roess,* Coos Bay, argued the cause for respondent. On the brief were McKeown, Newhouse & Johansen and John Foss.

Before McALLISTER, Presiding Justice, and

DENECKE, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

McALLISTER, J.

This is an action on a policy of fire insurance. The trial court sustained a demurrer to the complaint and, when plaintiff failed to plead further, entered judgment for defendant. Plaintiff appeals. The only issue is whether the complaint adequately alleged that plaintiff had an insurable interest in the insured property on the date of the fire.

The following facts were alleged in the complaint and admitted by the demurrer. Prior to August 7, 1967, plaintiff was the owner of certain real property in Curry County. On August 7, 1967, the tax collector of Curry County foreclosed on the property for nonpayment of real property taxes. On September 12, 1968, the defendant issued to plaintiff its standard fire insurance policy covering the improvements on the property. On September 17, 1968, the tax collector deeded the property to Curry County.[1]

Defendant contends that the complaint did not state a cause of action because it failed to allege that the plaintiff had an insurable interest in the property on July 21, 1969, the date of the fire.[2] The complaint

_____

[1] The complaint also alleged that plaintiff did not learn of the foreclosure until after the fire, and that some time later he repurchased the property from the county. As will appear from the opinion, these allegations have no bearing on our decision.

[2] ORS 743.033:

"No policy of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss."

Prior to the enactment of this provision in 1967, our cases stated

alleges that on that date the property had been foreclosed for nonpayment of taxes, the statutory redemption period of one year prescribed by ORS 312.120 had expired and that the property had been deeded to Curry County.

Defendant relies on ORS 312.200, which provides that all rights of redemption to properties not redeemed within the one-year period prescribed by ORS 312.120 shall terminate on the execution of the deed to the county.[9] Defendant further relies on *Bursell v. Brusco,* 203 Or 37, 40, 275 P2d 873 (1954), in which we held that a deed from the former owner, delivered after the period of redemption from a tax

the rule that an insurable interest must exist at the time the contract of insurance was made as well as at the time of the loss. Armbrust v. Travelers Ins. Co., 232 Or 617, 621, 376 P2d 669 (1962); Yoshida v. Security Ins. Co., 145 Or 325, 337, 26 P2d 1082 (1933); Oatman v. Bankers' Fire Relief Assn., 66 Or 388, 392, 133 P 1183, 134 P 1033 (1913); Hardwick v. State Insurance Co., 20 Or 547, 550, 26 P 840 (1891); Chrisman v. State Ins. Co., 16 Or 283, 18 P 466 (1888). In Higgins v. Insurance Co. of N. America, 256 Or 151, 469 P2d 766 (1970), a case in which the loss occurred before the effective date of ORS 743.033, but which was decided after the statute became effective, we made no mention of the statute. Instead we reiterated the rule of the earlier cases. The result in *Higgins* was not affected by our failure to consider the effect of the statute, and the difference between the rule of the cases decided before 1967 and the provisions of ORS 743.033 is not an issue in this case. Nevertheless we take this opportunity to point out what we overlooked in *Higgins*—that for property insurance the insurable interest requirement is now prescribed by statute.

For a recent discussion of the insurable interest requirement see Vukowich, *Insurable Interest: When It Must Exist in Property and Life Insurance,* 7 Will L Jnl 1.

[9] ORS 312.200:

"The properties not redeemed within the one year period prescribed by ORS 312.120 shall be deeded to the county by the tax collector. All rights of redemption, with respect to the real properties therein described, shall terminate on the execution of the deed to the county. No return or confirmation of the sale or deed to the county is required or necessary."

foreclosure had expired and the tax collector's deed to the county had been delivered, conveyed nothing.

Plaintiff claims that he had an insurable interest on the date of the fire because of ORS 275.180, which provides:

"(1) Any county court may at any time, without the publication of any notice, sell and convey * * * to the record owner or his assigns, any property acquired by the county for delinquent taxes, for not less than the amount of taxes and interest accrued and charged against such property at the time of purchase by the county with interest thereon at the rate of six percent per annum from the date of such purchase. * * *"

In the *Bursell* case, relied on by defendant, the parties did not raise the possibility that the deed might operate as an assignment of the former owner's rights under ORS 275.180. We had no occasion there to consider the effect of ORS 275.180 and the decision in that case does not help us here. We must examine the nature of the former owner's relationship to the property under the statute, and determine whether it can constitute an insurable interest.

In *Chaney v. Coos County*, 168 Or 390, 123 P2d 192 (1942) this court held that ORS 275.180 is permissive only, and does not give the former owner any right to demand a reconveyance from the county upon payment of the minimum price provided for in the statute or for any other price. The court said that the legislature intended:

"* * * merely to confer a power which they [the county court or board of county commissioners] could exercise or not, as they saw fit to do, the only limitation upon such power being that, if they did make such sale, the price should not be less

than that provided by the statute and left to their determination how much greater the price should be. * * *" 168 Or at 392.

However, in *Jaquith v. Hartley*, 243 Or 27, 30, 411 P2d 274 (1966), where it appeared that a majority of the county commissioners intended to reconvey the property to its former owners if the court held they had the power to do so, we said the former owners had

"* * * a legal interest which will blossom into legal title to the property if this court decides in plaintiffs' favor."

We held the plaintiffs' interest sufficient to entitle them to litigate the issue of the county's power to reconvey the property, even though they could not have compelled the reconveyance.

What we called in *Jaquith* a "legal interest" is a special position, not enjoyed by others, in which the former owner is placed with relation to the property. The county governing body may, if it chooses, sell him the property for the amount of the accrued taxes plus interest, regardless of its actual value. The county can make the sale authorized by ORS 275.180 only to the record owner or his assigns. In all other sales the statutes require an initial public offering and a sale to the highest and best bidder. Only if the public offering does not result in a sale may the county sell the property privately, and then only at a price not less than the largest amount bid at the public offering, or, if no bids were received, at a price the county governing body deems "reasonable." ORS 275.110-275.160; 275.190-275.200.

Defendant relies heavily on the argument that because the statute does not give the former owner an enforceable right to a conveyance of the property, it

cannot create an insurable interest. In *Higgins v. Insurance Co. of N. America,* supra, note 2, 469 P2d at 771, we found it unnecessary to decide whether an unenforceable land sale contract could ever give rise to an insurable interest in the land. We have never held that an interest in property, to be insurable, must be legally enforceable. We seem to have inquired only whether the insured had a direct pecuniary interest in the preservation of the insured property. In *Bird v. Central Mfg. Ins. Co.,* 168 Or 1, 6, 120 P2d 753 (1942), we said

> "* * * It is well settled that any one has an insurable interest in property who derives a benefit from its existence or would suffer loss from its destruction. It is sufficient to constitute an insurable interest in property that the insured is so situated with reference to the property that he would be liable to loss should it be injured or destroyed by the peril against which it is insured. * * *"

In that case the plaintiff was held to have an insurable interest in an automobile which he had borrowed from his employer on condition that he would be personally liable for any damage while it was in his possession. His liability to financial loss in the event of damage to the car was obvious in that case, and that was all the court required.

In other cases we have found an insurable interest under various circumstances: *Higgins v. Insurance Co. of N. America,* supra note 2 (contract purchaser of real property); *Yoshida v. Security Ins. Co.,* supra note 2 (month-to-month tenant of real property); *Pacific States F. Ins. Co. v. C. Rowan M. Co.,* 122 Or 665, 260 P 441 (1927) (vendee under conditional

sales contract or, alternatively, trustee in possession of personalty).

Where there was no showing whatsoever that the insured would suffer a loss by damage to the insured property, we have said there was no insurable interest: *Price v. United Pac. Cas. Ins. Co.*, 153 Or 259, 58 P2d 116 (1936) (husband insured ring belonging to his estranged wife); *Oatman v. Bankers' Fire Relief Ass'n*, note 2 supra (dictum) (husband insured property in which his wife owned fractional interest).

In *Armbrust v. Travelers Insurance Co.*, note 2 supra, where the evidence about the relationship of the insured to the damaged property was fragmentary and unclear, we upheld the trial court's finding that the burden of proving an insurable interest had not been met.[4]

In none of these cases except *Bird* did we attempt to define an insurable interest, but all of the decisions are consistent with the reasons for requiring an insurable interest as a condition precedent to recovery. Those reasons are to prevent wagering policies and reduce the temptation of the insured to destroy the insured property. *Hardwick v. State Insurance Co.*, supra note 2, at 549; Vukowich, op. cit. supra note 2, at 6 et seq.

A wagering policy has been defined as one in which the insured party has no interest whatever in the matter insured, but only an interest in its loss or destruction. *Conn. Mut. Life Ins. Co. v. Schaefer*, 94

---

[4] For a further discussion of the evidence in the *Armbrust* case see Trans. Equip. Rent. v. Ore. Auto. Ins., 257 Or 288, 478 P2d 620, 625 (1970).

US 457, 24 L Ed 251 (1876).⑨ And in *Riggs v. Commercial Mut. Ins. Co.*, 125 NY 7, 25 NE 1058, 1060, 10 LRA 684, 21 Am St Rep 716 (1890), a leading case holding that a shareholder has an insurable interest in the assets of the corporation, the court said:

> " *   *   * It is not necessary, to constitute an insurable interest, that the interest is such that the event insured against would necessarily subject the insured to loss. It is sufficient that it might do so, and that pecuniary injury would be the natural consequence. *   *   *"

These observations are two sides of the same coin. If there is a real possibility that destruction of property will cause the insured to suffer a loss, then he has an interest in its preservation, and a policy of insurance to protect against that loss is not a pure wager.

In the present case there was, at the time of the fire, a possibility that the damage it caused would result in financial injury to plaintiff. We cannot, from the allegations of the complaint, measure the prob-

---

⑨ This case involved a life insurance policy; the court remarked that "In marine and fire insurance the difficulty is not so great, because there insurance is considered as strictly an indemnity." 94 US at 460. In accord with the indemnity theory of property insurance, we have recently held that there can be no recovery on such a policy unless it is shown that the insured actually suffered a loss. Trans. Equip. Rent. v. Ore. Auto. Ins., supra note 4, 478 P2d at 624. The requirement that an actual loss be proved operates as additional assurance that there was an insurable interest in the property, while the limitation of recovery to actual loss will diminish the incentive to deliberately destroy the property.

In the present case we express no opinion as to the proper measurement of plaintiff's loss, if any. That question is not before us at this time. Because we remand for further proceedings, however, we think it appropriate to call attention to the general rule, recognized in Trans. Equip. Rent. v. Ore. Auto. Ins., supra note 4, 478 P2d at 626-627, that the insurance recovery of one who has only a limited interest in the property is limited by the value of that interest.

ability that there was an actual loss. That depends upon such considerations as the value of the property before and after the fire and the likelihood that the county would reconvey the property to plaintiff at a favorable price. We do think it significant that plaintiff's rights under the statute were, by its terms, assignable. We think the pleadings disclose a possibly marketable interest of undisclosed value at the time of the fire. We are not willing to say that plaintiff's liability to loss was as a matter of law too insubstantial to constitute an insurable interest. He should have an opportunity to prove what he stood to lose, and what loss he actually suffered, as a result of the fire.

We hold that the plaintiff in the present case has alleged an interest at the time of the fire which was insurable within the rule announced in *Bird v. Central Mfg. Ins. Co.*, supra, and approved in our other cases. We have found nothing in our research[ⓔ] to persuade us that the rule should be changed or that its application in this case would contravene the underlying public policies. It was error to sustain the demurrer to the complaint.

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

[ⓔ] Among the cases from other jurisdictions which we have examined, the following illustrate the varied approaches and inconsistent results when courts have considered the insurability of particular contingent interests. Allemannia Fire Ins. Co. v. Winding Gulf Collieries, 60 FS 65 (SD W Va 1945) rev'd on other grounds, 152 F2d 382 (4th Cir 1945); Essex Sav. Bank v. Meriden Fire Ins. Co., 57 Conn 335, 17 A 930, 18 A 324 (1889); Stauder v. Associated General Fire Co., 105 Ohio App 105, 151 NE2d 583 (1957); Van Cure v. Hartford Fire Insurance Company, 435 Pa 163, 253 A2d 663 (1969).