

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARGONAUT GREAT CENTRAL INSURANCE COMPANY, | No.  16-35483 |
| Plaintiff-Appellee, | D.C. No. 6:15-cv-01466-MC |
| v. | MEMORANDUM* |
| C&K MARKET, INC., | |
| Defendant-Appellee, | |
| PAUL R. DANOFF; KIM L. DANOFF; DANOFF FAMILY TRUST 2000, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted March 7, 2018
Portland, Oregon

Before:  FISHER, N.R. SMITH, and HURWITZ, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Paul R. Danoff, Kim L. Danoff, and the Danoff Family Trust 2000 (collectively "Danoff") appeal the district court's grant of summary judgment to Argonaut Great Central Insurance Company. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under Oregon law, the loss payee "must claim in the right of the insured, and not in his own right." *Armbrust v. Travelers Ins. Co.*, 376 P.2d 669, 671 (Or. 1962) (en banc). "The party named [as loss payee] does not recover in the event of loss as the party insured, but as the beneficiary under the policy in the right of the insured. . . . Hence it is the damage sustained by the party insured and not by the party appointed to receive payment that is recoverable from the insurer." *Transp. Equip. Rentals, Inc. v. Or. Auto Ins. Co.*, 478 P.2d 620, 623 (Or. 1970) (quoting *Charles R. Allen, Inc. v. R.I. Ins. Co.*, 60 S.E.2d 609, 613 (S.C. 1950)). Therefore, to recover under the Argonaut policy, Danoff (as loss payee) must be able to demonstrate that C&K Market, Inc. (the insured) sustained a loss. Danoff argues it is entitled to payment for (1) missing fixtures and equipment; (2) damage to the building; and (3) business income.

First, Danoff is not entitled to payment for the fixtures and equipment. C&K Market has not claimed any losses regarding the equipment and fixtures. Any liability between Danoff and C&K Market was settled in the bankruptcy court, and

2

Danoff has not represented that it obtained the rights to C&K Market's claim against Argonaut. Further, there is no evidence that C&K Market did not the own the equipment and fixtures it removed. A representative of C&K Market testified that it removed only its own items, and (a) Danoff admits he never inspected the building, (b) there is no sale evidence demonstrating that the missing equipment was actually purchased by Danoff, (c) the sale agreement for the sale from C&K Market to Crest Net Lease, Inc. is silent regarding fixtures and equipment, and (d) evidence about the various building plans does not demonstrate ownership.

Second, Danoff is not entitled to payment for damage to the building. C&K Market did not make a claim for losses and any liability between C&K Market and Danoff was settled in the bankruptcy action. Further, even if C&K Market caused damage, Danoff has not proven that C&K Market suffered a loss, and, under the policy, Danoff cannot bring a claim for its own damages.

Finally, under the loss payee terms of the insurance policy, Danoff has no right to recover for business income losses (if any) suffered by C&K Market.

**AFFIRMED.**

*Argonaut v. Danoff*, No. 16-35483

FISHER, Circuit Judge, dissenting:

For a loss payee to recover under an insurance policy in Oregon, the named insured must (1) have an insurable interest and (2) must have sustained a loss. *See Transp. Equip. Rentals, Inc. v. Or. Auto Ins. Co.*, 478 P.2d 620, 623 (Or. 1970).

In the majority's view, Danoff has not presented a triable issue of fact as to whether he is entitled to payment for: (1) missing fixtures and equipment; (2) physical damage to the building; and (3) lost business income. Although I agree Danoff has not raised a genuine issue of material fact with respect to the missing fixtures and equipment and lost business income, I disagree Danoff failed to do so with respect to physical damage to the building. On this point, the majority misapplied Oregon law and misapprehended the factual record.

The majority appears to offer three rationales to support its conclusion that Danoff failed to present a triable issue as to physical damage to the building. First, the majority says C&K Market did not make a claim to Argonaut for losses. But C&K Market was not required to make a claim for Danoff to recover. Under Oregon law, Danoff needed to show only that C&K Market had an insurable interest and sustained a loss. *See id.* The majority points to no authority to support the further requirement that C&K needed to make a claim for losses. This added requirement has no basis in Oregon law.

Second, the majority says any liability between C&K Market and Danoff was settled in the bankruptcy action. But whether there is ongoing liability between C&K Market and Danoff is not relevant to whether Danoff can recover under the insurance policy as a loss payee. The relevant inquiry is whether C&K Market had an insurable interest and sustained a loss, *see id.*, not whether C&K Market itself remained liable to Danoff. The majority again points to no authority under Oregon law to support the added requirement that C&K Market must remain liable to Danoff for him to recover as a loss payee.

Third, the majority says Danoff has not proven C&K Market suffered a loss with respect to the physical damage to the building. At the summary judgment stage, however, Danoff was not required to prove C&K Market suffered such a loss. Danoff needed only to raise a genuine issue of material fact, drawing all inferences in his favor. He easily did so. Although Argonaut argued any physical damage to the building was normal wear and tear, the only evidence it submitted was testimony in which several of C&K Market's own employees stated in conclusory and cursory fashion that the damage to the building was not beyond normal wear and tear. Danoff rebutted this testimony in his own affidavit, in which he stated the building sustained direct physical loss and damage "to, among other property, wires and lights, a sliding-glass door, plumbing components, and the ceiling and floor." Danoff further stated he observed damage upon visiting the

building: "[i]n addition to physical damages caused by demolishing and tearing off parts of the building, including demolished walls that had been built into the store for [a] walk-in freezer, there are numerous holes [in] the walls, scrapes in the flooring, and instances of plumbing and wiring damaged when the fixtures that had been permanently affixed to the building were torn off and removed." Danoff also provided photographs corroborating much of the alleged damage. Although it is unclear what several of the photographs depict, others clearly show missing and damaged walls, missing and damaged ceiling tiles, and missing and damaged flooring – all of which are damages Danoff described in his affidavit.

Given Oregon law and the evidence in the record, I cannot join in the majority's conclusion that Danoff did not present a triable issue of fact with respect to physical damage to the building. Therefore, I respectfully dissent.