STAUDER, APPELLANT, v. ASSOCIATED GENERAL FIRE CO., APPELLEE.

(No. 1388—Decided June 19, 1957.)

*Mr. Clayton Horne* and *Messrs. Adams & Adams,* for appellant.

*Messrs. Merkel, Campbell, Dill & Zetzer,* for appellee.

DOYLE, J.  This action was commenced in the Court of Common Pleas of Lorain County by Ralph A. Stauder, and directed against the Associated General Fire Company, in which a judgment was sought for fire damage to personal property claimed to have been covered under the terms of a contract of fire insurance guaranteeing to indemnify the insured.

In the trial of the case, the following facts were developed:

1. The plaintiff and his wife were living together with their children in a home, the contents of which were insured against fire loss by the defendant company.

2. The insurance was taken out by the husband, and he and "legal representatives" were the named insureds.

3. While the policy was in effect, the plaintiff's wife secured a divorce from him in the Court of Common Pleas of Lorain County, and the entry in the divorce case provided "that the custody, care, education and control" of their three children be awarded to the wife until further order of the court.

4. The decree of divorce further ordered "that the defendant pay to the plaintiff as permanent alimony and support of said minor children the sum of $50 per week; pay the children's life insurance premiums, clothing and medical expenses, and pay for fuel oil consumed at the homestead of plaintiff and minor children until further order of the court. *Plaintiff awarded title to household goods.*" (Italics ours.)

Proof was offered establishing fire loss and damage to the children's clothing, as well as fire loss and damage to the furniture and household goods.

At the conclusion of the plaintiff's case, and after the plaintiff had "rested," the defendant moved for a directed verdict on behalf of the insurance company.

While the record does not reveal the grounds of argument on the motion, we are safe in assuming, from the statements in the brief and the oral argument before this court, that it was claimed that the plaintiff had no insurable interest in the damaged property, due to the award in the divorce case of the household goods to the wife.

The bill of exceptions concludes with the following statement:

"Thereupon the court, after hearing arguments by counsel for the respective parties, granted defendant's motion, as appears of record in this cause."

The "record" disposing of the cause is reflected in the journal entry, which appears in the following terms:

"Jury sworn. At conclusion of plaintiff's testimony, upon motion of the defendant for a directed verdict, the court sustains the motion with respect to all of the household goods and furniture claimed as a loss in the petition; however, with respect to the claim for the clothing children [apparently, this means for the clothing of the children], counsel agree that the amount of $314.00 is a fair value for the loss of said children's clothing, for which judgment in favor of the plaintiff against

the defendant is granted by agreement, reserving to both parties their exceptions and right to appeal under this ruling.''

From the above final order, to which a motion for new trial was overruled, the plaintiff has appealed and makes the following assignment of error:

"It was prejudicial error for the trial court, at the conclusion of the appellant's case, to sustain in part appellee's motion for a directed verdict and to take this case from the jury and to render a partial final verdict for the appellee.''

The appellee company states that "the main and controlling legal issue in this case is whether this court will reverse a judgment, which on its face shows that it was entered by agreement of the parties.''

There are authorities in this state holding that a reviewing court will not reverse a judgment at the instance of a party who consented thereto. See: 3 Ohio Jurisprudence (2d), Appellate Review, Section 698, and cases cited.

This rule applies, however, to a judgment rendered on the cause of action stated in the pleadings. When looking to the pleadings, we find a single cause of action on a policy of fire insurance, in which indemnity was sought for loss claimed to be covered under its terms. Upon analysis of the words and phrases employed in the judgment entry, we find that the consent applied only to a judgment for $314 as ''a fair value for the loss of said children's clothing,'' and that the claim for household goods was entirely denied by the sustaining of the defendant's motion.

While the entry is somewhat ambiguous, we perceive no reason to find that consent was given to enter judgment on the cause of action stated in the pleadings. The action, as brought, was not severable, and was subject to but one judgment.

The judgment consented to was for a part of the claim only, and not a consent to a judgment for the entire claim. We conclude that the general rule heretofore stated does not apply to the facts in the instant case.

It was urged upon the trial court, and now upon this court, that the plaintiff did not have an insurable interest in the property.

It is established in this state that an insurable interest is

essential to recovery on indemnity policies and that such interest must exist at least at the time of the loss.

What interest, if any, does the plaintiff have in the property involved in this litigation?

First, he was responsible for the proper clothing of his children by order of the Court of Common Pleas. A loss of this apparel by fire or fire damage called upon his resources for replacement.

Second, the court's order of $50 a week, for alimony and support of the children, was entered upon consideration of the circumstances existing at the time of the court's decree, but subject to "the further order of the court."

A change of circumstances affecting adversely the economic status of his children and their legal custodian—his former wife—would, in all probability, result in a modification by the court of its order of support to an increased amount, because the father is charged by law with the reasonable support of his minor children.

Undoubtedly the court, in making its order of support, took into consideration the use of the household goods awarded to the wife in the maintenance of the children; and it is obvious that the loss of the goods through fire damage would put upon the father an additional burden by way of replacement, or, in lieu thereof, additional money for rent or purchase of these facilities.

The cases are legion which hold that an insurable interest does not of necessity depend upon ownership of the property. It may be a special interest entirely disconnected with title, lien, or possession.

Whenever there is a real interest to protect and a person is so situated, with respect to the subject of insurance, that its destruction would or might reasonably be expected to impair the value of that interest, such person may be said to have an insurable interest. *Riggs* v. *Comm. Mutl. Ins. Co.*, 125 N. Y., 7, 25 N. E., 1058.

In 29 American Jurisprudence, Insurance, Section 322, may be found the following text with supporting authorities:

"The principle may be stated generally that anyone has an insurable interest in property who derives a benefit from its

existence or would suffer loss from its destruction. \* \* \*. The courts of this country, as well as of England, are well disposed to maintain policies where it is clear that the party insured had an interest which would be injured in the event the peril insured against should happen. Indeed, it is not necessary, to constitute an insurable interest, that the interest is such that the event insured against would necessarily subject the insured to loss; it is sufficient that it might do so, and that pecuniary injury would be the natural consequence. \* \* \*.''

See, also, similar text and authorities cited in 4 Appleman, Insurance Law and Practice, Section 2123, in part:

''The usual rule customarily followed is that an insurable interest exists when the insured derives pecuniary benefit or advantage by the preservation or continued existence of the property or will sustain pecuniary loss from its destruction. Reasonable expectation of benefit from preservation of the property is thus sufficient; or liability to loss from damage to it will be sufficient.''

It appears to the members of this court that the plaintiff not only had an insurable interest in the damaged property—wearing apparel of the children and household goods and furniture—at the time of the issuance of the policy, but also at the time of the loss; and that the court erred to the prejudice of the appellant in its ruling.

The judgment will be reversed, and the cause of action alleged in the petition remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

HUNSICKER, P. J., and STEVENS, J., concur.