PHILLIPS, APPELLEE, *v.*
CINCINNATI INSURANCE COMPANY, APPELLANT.

(No. 79-381—Decided December 26, 1979.)

*Messrs. Ruppert, Bronson & Chicarelli, Mr. David A. Chicarelli* and *Mr. Ronald L. Burdge,* for appellee.

*Baden, Jones, Scheper & Crehan Co., L.P.A.,* and *Mr. Jack C. McGowan,* for appellant.

SWEENEY, J.   It is a universal rule of insurance law that a person taking out a policy must have an insurable interest in the subject matter of the insurance; otherwise the policy is void. 44 Corpus Juris Secundum 869, Section 175. The sole issue in this appeal is whether appellee did have such an interest in the pickup truck.

While this court has not previously decided whether a person can have an insurable interest in a stolen motor vehicle, numerous other states have considered this question, with a marked division of authority. See Annotation, 33 A.L.R. 3d 1417. One view holds that, since even a bona-fide purchaser cannot acquire good title from a thief, such a buyer has no insurable interest in the vehicle.[1] However, a contrary theory bases an insurable interest on the economic interest a purchaser has in protecting his investment in the vehicle,[2] or on the insured's right to possession of the vehicle against all

---

[1] See, *e.g., Hessen* v. *Iowa Auto. Mut. Ins. Co.* (1923), 195 Iowa 141, 190 N.W. 150; *Napavale, Inc.,* v. *United Nat. Indem. Co.* (1959), 169 Cal. App. 2d 119, 336 P. 2d 984; *Gordon* v. *Gulf Amer. Fire & Cas. Co.* (1966), 113 Ga. App. 755, 149 S.E. 2d 725.

[2] See, *e.g., Skaff* v. *United States Fid. & Guar. Co.* (Fla. App. 1968), 215 So. 2d 35; *Scarola* v. *Ins. Co. of North America* (1972), 31 N.Y. 2d 411, 292 N.E. 2d 776; *Treit* v. *Oregon Auto Ins. Co.* (1972), 262 Ore. 549, 499 P. 2d 335; *Reznick* v. *Home Ins. Co.* (1977), 45 Ill. App. 3d 1058, 360 N.E. 2d 461.

the world, except the true owner.[3] Primarily on public policy grounds, to discourage trading in stolen property, these latter courts have usually required that the insured be an innocent, bona fide purchaser of the stolen vehicle.[4]

The courts that have found an insurable interest generally rely on the principle that "* * * a person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence and suffer some loss or disadvantage by its destruction." 3 Couch on Insurance 2d 86, Section 24:13. We believe that this principle more clearly and realistically defines an "insurable interest" than one based on title to the property.[5]

Applying this definition to the instant facts, we find that appellee does have an insurable interest in the truck. When it was stolen from his garage appellee lost his investment in the vehicle, and he was deprived of its possession and use. These are the economic disadvantages he had insured against.

It must be stressed that, at the time the truck was stolen from Phillips' garage, no proceedings had been initiated to challenge appellee's right to possession of the vehicle. As stated in *Norris* v. *Alliance Ins. Co.* (1923), 1 N.J. Misc. 315, 316, 123 A. 762: "* * *plaintiff's title was good against every one but the true owner,* * *[n]one but he can assert ownership against the plaintiff, which he does not do, and defendant has no right to do it for him." When the truck was stolen from him, Phillips had a right to possession which had not been disturbed.

Accepting, *arguendo,* that Phillips obtained an insurable interest when he purchased the truck, appellant still asserts this interest ceased to exist when Phillips learned that his claim to title was disputed. At this point, appellant contends that Phillips no longer had an interest in preserving the subject matter being insured. We disagree.

---

[3] See, *e.g., Norris* v. *Alliance Ins. Co.* (1923), 1 N.J. Misc. 315, 123 A. 762; *Barnett* v. *London Assur. Corp.* (1926), 138 Wash. 673, 245 P. 3; *Scarola, supra; Reznick, supra.*

[4] *Cf., Treit, supra.*

[5] R. C. 4505.04 requires that a person possess a certificate of title, issued in accordance with R. C. 4505.01 to 4505.19, before a court may recognize his interest in a motor vehicle. Appellee does possess such a certificate of title, the validity of which has not been judicially challenged by anyone claiming an interest in the vehicle.

Even if this court could presume that Warden would have eventually filed suit to reclaim the truck, our result would not change. We find the reasoning of the Supreme Court of Tennessee in *Duncan* v. *State Farm Fire & Cas. Co.* (1979), 587 S.W. 2d 375, 376, to be determinative: "Clearly, such a purchaser stands to benefit from the continued existence of such a vehicle because of the continued availability of its use to him unless and until the true owner reclaims it; and, he runs the risk of pecuniary loss by its destruction not only because of the loss of its use, but also because, as a constructive bailee of the property, he may incur liability to the true owner for the value of the vehicle, in the event the true owner makes a claim for its return and he is unable to make delivery because it is destroyed."

Since this court finds that appellee did have an insurable interest in the pickup truck when it was stolen from his garage, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, LOCHER and HOLMES, JJ., concur.