RICHARD HALEGUA FANTASTIC THINGS, INC., Appellant,

v.

CRUM & FORSTER COMMERCIAL INSURANCE, Appellee.

[Cite as *Richard Halegua Fantastic Things, Inc. v. Crum & Forster Commercial Ins.* (1993), 88 Ohio App.3d 391.]

Court of Appeals of Ohio,
. Hamilton County.

No. C–920127.

Decided June 23, 1993.

*W.B. Markovits,* for appellant.

*Rendigs, Fry, Kiely & Dennis* and *Edward R. Goldman,* for appellee.

DOAN, Judge.

Plaintiff-appellant Richard Halegua Fantastic Things, Inc. ("Fantastic Things"), a comic art dealership, filed a complaint against defendant-appellee Crum & Forster Commercial Insurance ("Crum & Forster") which sought $31,125 in damages. Both parties filed motions for summary judgment. The trial court granted Crum & Forster's motion for summary judgment and denied the motion filed by Fantastic Things. Fantastic Things then filed this appeal.

On appeal, Fantastic Things contends, in a single assignment of error, that the trial court erred in granting Crum & Forster's motion for summary judgment and in denying its motion for summary judgment. We find no error, and, therefore, we affirm the judgment of the trial court.

In December 1988, Richard Halegua, owner of Fantastic Things, purchased some art work from two different sources. He subsequently sold the pieces to several clients. In March 1989, Halegua received a telephone call from the director of the Museum of Cartoon Art in New York informing him that some of the art he had purchased in December had been stolen from the museum by Sherman Krisher. At the time Halegua purchased the pieces, he had no knowledge that they had been stolen from the museum.

A short time later, Halegua was contacted by an FBI agent who indicated that Krisher's family was willing to buy any pieces of the stolen art in an effort to help their son receive a lesser sentence. Halegua then contacted an attorney in New York to help him with this situation. The attorney confirmed that Krisher's family was willing to buy some of the stolen art to make restitution to the museum.

Halegua began buying back the stolen art that he had previously sold to several of his clients. After recovering two of the stolen items, Halegua's attorney contacted Krisher's attorney. Krisher's attorney informed Halegua's attorney that the family was not willing to buy only two of the stolen items in attempting to make restitution to the museum for their son. However, Krisher's attorney requested that Halegua continue looking for the stolen property.

By October 1989, Halegua had recovered all the stolen pieces of art that he had sold to his clients. Halegua's attorney contacted Krisher's family to inform them that the property had been recovered. The next day, police officers confiscated the stolen art that had been recovered by Halegua.

Halegua then filed a claim with his insurance company, Crum & Forster, to cover his loss occasioned by the confiscation of the stolen art purchased by him. Crum & Forster denied coverage under Halegua's insurance policy.

In *Phillips v. Cincinnati Ins. Co.* (1979), 60 Ohio St.2d 180, 14 O.O.3d 413, 398 N.E.2d 564, the Supreme Court of Ohio dealt with the issue of whether a person had an insurable interest in a stolen motor vehicle which was then stolen from him. The court in *Phillips* noted that other jurisdictions had considered this issue, with a marked division of authority. The court then stated as follows:

"One view holds that, since even a bona fide purchaser cannot acquire good title from a thief, such a buyer has no insurable interest in the vehicle. However, a contrary theory bases an insurable interest on the economic interest a purchaser has in protecting his investment in the vehicle, or on the insured's right to

possession of the vehicle against all the world, except the true owner. Primarily on public policy grounds, to discourage trading in stolen property, these latter courts have usually required that the insured be an innocent, bona fide purchaser of the stolen vehicle." (Footnotes omitted.) *Id.* at 181–182, 14 O.O.3d at 414–415, 398 N.E.2d at 565–566.

The *Phillips* court agreed with the reasoning of the courts holding that an insurable interest is based upon the economic interest of the purchaser in the stolen property. The court in *Phillips* went on to hold that "[a]n innocent, bona fide purchaser of a stolen motor vehicle, possessing an Ohio certificate of title, valid on its face, has an insurable interest in that vehicle." *Id.* at syllabus.

In the case before this court, Halegua was not an innocent, bona fide purchaser of property. Instead, he was aware of the fact that the art was stolen property prior to purchasing it back from his clients. Although his motives in recovering the stolen property for Krisher's family may have been well intentioned, the fact remains that Halegua knew that he was purchasing stolen property.

Because Halegua was not an innocent, bona fide purchaser of the property, we hold that he did not have an insurable interest in the property. See *Phillips, supra.* Without an insurable interest in the confiscated property, Halegua had no right to recover his loss under his insurance policy. See *Milano v. Cincinnati Equitable Ins. Co.* (Apr. 9, 1992), Cuyahoga App. No. 62239, unreported, 1992 WL 74293.

Furthermore, we note that at the time Halegua filed his claim for insurance, the true owner of the stolen art had challenged Halegua's right to possession. The police confiscated the art on behalf of the true owner, the New York Museum of Cartoon Art. When the art was confiscated, Halegua lost his right to possession of the stolen items, and, therefore, he also lost any insurable interest he arguably might have had in the property. See *Phillips, supra.*

Because no genuine issues of material fact remain to be litigated and because Crum & Forster is entitled to judgment as a matter of law, we hold that the trial court properly entered summary judgment for Crum & Forster and properly refused to enter summary judgment for Fantastic Things. See Civ.R. 56(C). The single assignment of error is, therefore, overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., and M.B. BETTMAN, JJ., concur.

Marianna Brown Bettman, Judge, concurring.

I agree with the majority that summary judgment was properly entered for Crum & Forster in this case. However, what is troubling to me is the fact that while Halegua did not know the pieces of art were stolen when he acquired them, he did know the pieces of art were stolen at the time he acquired the all-risk insurance and failed to disclose this fact to the insurance company. But even if that were not found to be a proper basis on which to deny coverage, and even if Halegua had an insurable interest in the property based upon the economic interest analysis set forth in *Phillips v. Cincinnati Ins. Co.* (1979), 60 Ohio St.2d 180, 14 O.O.3d 413, 398 N.E.2d 564, according to *Phillips* such an interest is good against all the world except the true owner. Since the confiscation of the property by the police was on behalf of the true owner of the property, any interest Halegua might claim to have had is defeated. For these reasons, I would affirm the judgment of the trial court.