Appellant Carol Swymn filed a complaint against appellee Owners Insurance Company (Owners) and Herman Powell Insurance Agency, Inc. (Herman Powell) claiming, in pertinent part, that Owners and Herman Powell had acted with bad faith in failing to pay a claim that she submitted under her insurance policy for the destruction of a 1994 Honda Prelude. Owners filed a motion for summary judgment, as did Herman Powell, denying that Swymn had an insurable interest in the Honda. Swymn filed a cross-motion for summary judgment. The trial court granted summary judgment in favor of Owners and dismissed the claims against it. The trial court overruled Herman Powell's motion and found that Swymn could proceed against it. On appeal, Swymn challenges the trial court's denial of her summary-judgment motion.
The trial court apparently concluded that the name on a certificate of title is sufficient in and of itself to demonstrate an insurable interest in a vehicle in the context of whether an insurer has an obligation to pay for damage to the vehicle. We disagree. The Ohio Supreme Court has explained:
 The courts that have found an insurable interest generally rely on the principle that "* * * * a person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence and suffer some loss or disadvantage by its destruction." 3 Couch on Insurance 2d 86, Section 24:13. We believe this principle more clearly and realistically defines an "insurable interest" than one based on the title to property.[1]
While the certificate of title is certainly a reflection of an insurable interest, it does not preclude a recognizable insurable interest in one who does not possess the title. We note in passing, to the extent it is argued that we are precluded from recognizing a potential insurable interest under R.C. 4505.04, the Certificate of Title Act, that the act was not adopted to clarify contractual rights and duties, but to "protect Ohio bonafide purchasers against thieves and wrongdoers, and to create an instrument evidencing title to, and ownership of, motor vehicles."[2]
Because the trial court concluded that the certificate of title was sufficient to demonstrate that Swymn did not possess an insurable interest, it reviewed only the deposition excerpts provided by the parties. In ruling on a motion for summary judgment, the trial court must review all pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact.[3] Civ.R. 56(C) requires that the trial court actually read a deposition "to determine its contents."[4] The record reveals that the depositions containing the excerpts were filed with the clerk of courts, but their unbroken seals indicate that they were not read by the trial court. In light of our conclusion that an insurable interest may be demonstrated, apart from the certificate of title, by one who has an advantage in a vehicle's continued existence or by one who suffers a disadvantage in its loss, more than a review of the deposition excerpts is necessary.
Thus, we must remand this case to the trial court to review the evidence to determine whether summary judgment is appropriate. We reverse the trial court's judgment in favor of Owners and remand this case for further proceedings.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and cause remanded to the trial court for further proceedings consistent with this opinion and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, P.J.: Concurs in Judgment Only.
Harsha, J.: Concurs in Judgment and Opinion.
For the Court
 By: ______________________ Mark P. Painter, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
Mark P. Painter, of the First Appellate District, sitting by assignment of the Supreme Court in the Fourth Appellate District.
[1] Phillips v. Cincinnati Ins. Co. (1979), 60 Ohio St.2d 180,182, 398 N.E.2d 564, 566. Accord Buckeye Ins. Co. v. Dougherty
(July 3, 1985), Cuyahoga App. No. 49315, unreported; RR RealtyCo. of Hamilton, Inc. v. Neff (Aug. 10, 1983), Butler App. No. 82-05-0055, unreported; Westfall v. American States Ins. Co.
(1974), 43 Ohio App.2d 176, 334 N.E.2d 523; Stauder v. Assoc.General Fire Co. (1957), 105 Ohio App. 105, 151 N.E.2d 583.
[2] Hughes v. Al Green, Inc. (1981), 65 Ohio St.2d 110,418 N.E.2d 1355; Gibson v. Dan Phillips Repair Service (Jan. 30, 1998), Highland App. No. 97 CA 931, unreported.
[3] See Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,604 N.E.2d 138.
[4] Moravec v. Hobeika (Dec. 24, 1998), Hamilton App. No. C-980136, unreported.