CNH CAPITAL

v.

JANSON EXCAVATING, INC. et al.;

Owners Insurance Company, Appellee,

v.

Ohio Casualty Insurance Co., Appellant.

[Cite as *CNH Capital v. Janson Excavating, Inc.,*
171 Ohio App.3d 694, 2007-Ohio-2127.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C060465.

Decided May 4, 2007.

Freund, Freeze & Arnold and John G. Witherspoon Jr., for appellee.

Droder & Miller Co., L.P.A., and Richard J. Rinear, for appellant.

LEE H. HILDEBRANDT JR., Judge.

{¶ 1} In one assignment of error, Ohio Casualty Insurance Company contends that the trial court erred by entering summary judgment in favor of Owners Insurance Company and in denying Ohio Casualty's cross-motion for summary judgment. We reverse and remand this case for further proceedings consistent with this decision.

{¶ 2} Ohio Casualty and Owners both insured a piece of machinery called a "tub grinder" at the time the tub grinder was destroyed by fire on March 15, 2002. Glen Janson had purchased the Ohio Casualty policy a few weeks before the fire while he was in the process of dissolving one business, Janson Excavating Inc., and incorporating a new business, Janson Inc. The tub grinder was used in connection with both businesses. Ohio Casualty's policy was with Janson Inc., and the Owners policy was with Janson Excavating Inc.

{¶ 3} Following the fire, Ohio Casualty disclaimed all liability for the loss, told Janson its tub-grinder policy was void ab initio, and refunded Janson's full premium that he had paid on the tub grinder. Owners paid the claim in full and then sued Ohio Casualty, arguing that under the "other insurance" clauses that existed in both policies, Ohio Casualty was liable to Owners on a pro rata basis for a portion of the loss. Ohio Casualty denied liability on a number of grounds. Both companies moved for summary judgment.

{¶ 4} In its motion, Owners contended that there were no genuine issues of material fact in regard to the following: (1) that Owners and Ohio Casualty had both insured the tub grinder at the time it was destroyed by fire; (2) that Owners had paid the entire tub-grinder loss; (3) that Ohio Casualty had illegally voided ab initio the coverage on the tub grinder following the fire; and (4) that under Ohio Casualty's "other insurance" clause, Ohio Casualty owed Owners a pro rata share of the tub-grinder loss.

{¶ 5} In response, Ohio Casualty argued that its tub-grinder policy was void ab initio due to a misrepresentation by Janson, who had purchased the policy on behalf of Janson Excavating Inc. Ohio Casualty claimed that it had a long-standing policy of not insuring machinery that was already insured, and it alleged that Janson had told independent agent Bob Wurtz that there was no other insurance on the tub grinder before Ohio Casualty issued its policy. But Janson testified that he had never made such a statement to Wurtz.

{¶ 6} Aside from its "material misrepresentation" defense, Ohio Casualty claimed that it was not liable for any loss because, at the time of the fire, the tub

grinder was owned by Janson Excavating Inc., not by its insured, Janson Inc. Ohio Casualty further contended that Owners had been a volunteer and was therefore not entitled to contribution and that Owners had no standing to bring suit.

{¶ 7} The trial court granted summary judgment to Owners, denied Ohio Casualty's motion, and ordered Ohio Casualty to pay Owners the sum of $69,700.

## Standard of Review

{¶ 8} We review summary judgment de novo.[1] Summary judgment is appropriate if (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can came to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.[2]

## Insurable Interest

■ {¶ 9} In *Phillips v. Cincinnati Ins. Co.*, the Ohio Supreme Court held that "a person taking out a policy must have an insurable interest in the subject matter of the insurance; otherwise the policy is void."[3] Ohio Casualty contends that its insured, Janson Inc., had no insurable interest in the tub grinder because Janson Excavating Inc.—and not Janson Inc.—owned it. In *Phillips*, supra, the supreme court rejected a similar "title" argument, holding instead that "a person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence and suffer some loss or disadvantage by its destruction."[4]

{¶ 10} Janson testified that the tub grinder was used by Janson Inc. in connection with excavating work. There is nothing in the record to dispute this fact. We therefore hold that Janson Inc. had an economic interest in the property that was insurable, and that the policy was not void on this basis. This argument has no merit.

## Owners was not a Volunteer

■ {¶ 11} Ohio Casualty next argues that because Owners had paid the entire loss on the tub grinder while knowing that another policy on the tub grinder

1. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

2. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267; see, also, *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

3. (1979), 60 Ohio St.2d 180, 181, 14 O.O.3d 413, 398 N.E.2d 564.

4. Id. at 182, 14 O.O.3d 413, 398 N.E.2d 564, citing 3 Couch on Insurance 2d (1984) 86 Section 24:13.

existed, Owners was a "volunteer," and therefore it was not, as a matter of law, entitled to contribution. We disagree.

{¶ 12} In support of its argument, Ohio Casualty cites *Farm Bur. Mut. Ins. Co. v. Buckeye Union Cas. Ins.*,[5] where the Ohio Supreme Court held that "[o]ne who, with knowledge of the facts and without legal liability, makes a payment of money, thereby becomes a volunteer."[6] The court also held that "[i]f the policy of each of several insurers limits its liability to such proportion of a loss as the amount insured by such insurer bears to the total applicable limit of liability of *all valid and collectible insurance* against such loss, the payment by one insurer of more that its proportion of a loss creates no right to contribution from the other insurers."[7] Unlike the present case, in *Farm Bureau*, the two insurance companies had each admitted liability for some portion of the loss.

{¶ 13} This case is different. It more closely resembles *Aetna Cas. & Surety Co. v. Buckeye Union Cas. Co.*[8] In *Aetna*, Aetna and Buckeye Union had insured the same motorist.[9] When the motorist filed a claim, Buckeye Union denied liability, and Aetna made a full settlement.[10] The court distinguished *Farm Bureau*, supra, by pointing out that because Buckeye Union had "disclaimed coverage," there was no other "valid and collectible" insurance.[11] The court concluded that Aetna was not a volunteer because it had a legal obligation to pay on the claim where Buckeye had denied all liability.[12]

{¶ 14} Likewise, in this case, Ohio Casualty had disclaimed all liability for the tubgrinder loss. Therefore, as in *Aetna*, there was no other "collectible insurance" at the time that Owners paid the claim. There was, in fact, no "collectible" insurance until the trial court ruled that Ohio Casualty was liable for its pro rata share of the loss. Under these circumstances, Owners was not a volunteer. This argument has no merit.

---

5. (1946), 147 Ohio St. 79, 33 O.O. 259, 67 N.E.2d 906,

6. Id. at paragraph six of the syllabus.

7. Id. at paragraph eight of the syllabus.

8. (1952), 157 Ohio St. 385, 47 O.O. 270, 105 N.E.2d 568.

9. Id.

10. Id.

11. Id. at 391–394, 47 O.O. 270, 105 N.E.2d 568.

12. Id. at 394, 47 O.O. 270, 105 N.E.2d 568.

## Owners Had Standing

{¶ 15} In its third issue presented for review, Ohio Casualty contends that the trial court should have granted summary judgment in its favor because Owners had no standing to assert a claim for contribution. A party has a right to contribution when it has "been compelled to pay what another should have paid in part to require partial (usually proportionate) reimbursement."[13] And "[w]here two insurance policies cover the same risk and both provide that their liability with regard to that risk shall be excess insurance over other valid, collectible insurance, the two insurers become liable in proportion to the amount of insurance provided by their respective policies."[14] Because Owners contended that both companies were liable pro rata for the tub-grinder loss under the respective policies at issue, and because Owners had paid the claim in full, we hold that it had standing to bring a claim for contribution. This argument is overruled.

{¶ 16} In its fourth issue, Ohio Casualty asserts that Owners had "no right to seek subrogation recovery under Ohio law" and therefore that Ohio Casualty should have prevailed below. But we have already determined that Owners was entitled to bring suit in its own right, not as a subrogee, and we therefore conclude that this argument has no merit.

## Warranty versus Representation

{¶ 17} In its fifth and final issue presented for review, Ohio Casualty argues that it issued the tub-grinder policy based upon a misstatement of fact by Janson, and therefore that the policy was void ab initio. Specifically, Ohio Casualty contends that it issued its policy in reliance on Janson's alleged statement that the tub grinder was not already insured.

{¶ 18} Although it is not entirely clear from Ohio Casualty's brief, because it asserts that its policy with Janson Inc. was void ab initio, we assume that Ohio Casualty is contending that Janson's alleged statement concerning other insurance amounted to a warranty. This is because only a misstatement of fact concerning a warranty can render a policy void ab initio.[15] Otherwise, a

---

**13.** *Travelers Indemn. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 70 O.O.2d 6, 321 N.E.2d 787, paragraph two of the syllabus, overruled on other grounds in *Motorists Mut. Ins. Co. v. Huron Road Hosp.* (1995), 73 Ohio St.3d 391, 653 N.E.2d 235.

**14.** *Buckeye Union Ins. v. State Auto. Mut. Ins. Co.* (1977), 49 Ohio St.2d 213, 218, 3 O.O.3d 330, 361 N.E.2d 1052.

**15.** *Allstate Ins. Co. v. Boggs* (1971), 27 Ohio St.2d 216, 218–219, 56 O.O.2d 130, 271 N.E.2d 855.

statement is considered a representation that may simply render the policy voidable.[16]

{¶ 19} For a statement to qualify as a warranty, the warranty must appear either on the face of the policy or in another instrument specifically incorporated in the policy.[17] But because the law disfavors warranties, "a statement as to conditions does not constitute a warranty unless the language of the policy, construed strictly against the insurer, requires such an interpretation."[18] If a misstatement renders the policy void ab initio, such facts must appear clearly and unambiguously from the terms of the policy.[19]

{¶ 20} We agree with Ohio Casualty that there was language in its policy with Janson that would render the policy void ab initio under certain circumstances. Specifically, the policy provided, "This coverage part is void in any case of * * * misrepresentation of a material fact * * * at any time concerning * * * [t]he covered property."[20] But this language does not resolve the issue presented.

### Genuine Issues of Material Fact Remain

{¶ 21} We hold that summary judgment was inappropriate for either party on the warranty issue because genuine issues of material fact remain regarding (1) whether Janson represented to insurance agent Wurtz that there was no insurance on the tub grinder and (2) whether this representation, if it was made, amounted to a "material" misrepresentation.

{¶ 22} Wurtz testified that Janson had told him that there was no other insurance on the tub grinder. Janson testified to the contrary. For purposes of summary judgment, this created a genuine issue of material fact. Also problematic was whether this alleged representation—if it was made—was "material" so as to render the policy void ab initio.

{¶ 23} "Materiality" has been described as a fact that " 'if communicated to the insurer, would either induce him to decline an insurance altogether, or not to accept it unless at a higher premium. Any fact is material the knowledge or ignorance of which would naturally influence an insurer in making the contract at all or in estimating the degree and character or the risk, or in fixing the rate of

---

16. Id.

17. Id.

18. Id.

19. Id.

20. Cf. *Winston v. Illinois Natl. Ins. Co.* (Apr. 20, 2001), 1st Dist. Nos. C–000251 and C–000265, 2001 WL 395154.

insurance.' " [21]   In *Hutchins v. Cleveland Mut. Ins. Co.,*[22] the Supreme Court determined that "[b]y making an inquiry as to any matter, the insurer shows that he deems it to be material, and shows that the answer may induce him to take or refuse the risk; he is, therefore, entitled to a true answer, although other persons may not be able to see how it can affect the risk."

{¶ 24} In this case, Ohio Casualty contends that it was "undisputed" that it would not have covered the tub grinder if it had known that it was already covered by Owners, and therefore that Janson's alleged misstatement was material. Wurtz, Ohio Casualty underwriting manager Robert MacKendrick, and Ohio Casualty underwriter John Fisher all testified that Ohio Casualty had a policy of never insuring machinery that was already insured by another entity. But none of these men could point to any written underwriting guidelines, policies, or training materials that prohibited this practice. And it was undisputed that Ohio Casualty's policy contained an "other insurance" clause.

{¶ 25} On the state of this record, we hold that there remain triable issues concerning whether Janson had made the alleged misstatement and whether it was material.

### Owners' Interest in the Ohio Casualty Policy

{¶ 26} Owners counters Ohio Casualty's warranty argument by contending that even if Janson had made a material misrepresentation, as soon as the loss of the tub grinder occurred, Ohio Casualty could not cancel Janson Inc.'s policy because it affected Owners' rights under Ohio Casualty's "other insurance" clause. This argument is not ripe for review because there has been no finding, and there may never be a finding, that Ohio Casualty's policy with Janson Inc. was void ab initio.

{¶ 27} For the foregoing reasons, we sustain Ohio Casualty's assignment of error, in part, and reverse the summary judgment entered by the trial court in favor of Owners. This cause is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

PAINTER, P.J., and DINKELACKER, J., concur.

---

21. *Am. Continental Ins. Co. v. Estate of Gerkens* (1990), 69 Ohio App.3d 697, 591 N.E.2d 774, quoting *Mieritz v. Metro. Life Ins. Co.* (1901), 8 Ohio N.P. 422, 425.

22. (1860), 11 Ohio St. 477, 479.